## 76686. THE STATE v. McKENDREE.
### (372 SE2d 673)

POPE, Judge.

Defendant, who was charged with violation of the Georgia Controlled Substances Act, filed a motion to suppress evidence obtained during a search of his residence and automobile on the ground the search warrant was issued without a sufficient showing of probable cause. The trial court granted the motion to suppress and the State appeals. The issue on appeal is whether the probable cause affidavit presented to the magistrate was sufficient to establish the reliability of the anonymous informant. We find the affidavit was sufficient to establish probable cause for issuing the search warrant. Accordingly, we reverse the order granting defendant's motion to suppress.

In August 1985 a confidential informant told Deputy Sheriff Stanley Edgy of the Camden County Sheriff's Department that the informant had personally seen the defendant growing, removing and replacing marijuana plants. In a sworn probable cause affidavit presented to the magistrate, Deputy Edgy stated, inter alia: "A confidential informant who is an ex-police officer and who has no prior criminal record and is a concerned citizen, has within the past week and a half personally observed the above mentioned suspect removing and growing marijuana plants from the described premises. Informant also observed said suspect replacing said plants in said premises. The above informant is personally known to this officer and has no known reason to falsify information." On the basis of this affidavit, the magistrate issued a search warrant for the defendant's mobile home and car. During their search, police officers found marijuana and traces of cocaine.

In *Illinois v. Gates*, 462 U. S. 213 (103 SC 2317, 76 LE2d 527) (1983), the United States Supreme Court approved a "totality of the circumstances" analysis for determining whether probable cause existed to issue a search warrant. The Supreme Court noted that "probable cause is a fluid concept" and that "[r]igid legal rules are ill-suited to an area of such diversity." Id. at 232. Pursuant to the standard set forth in *Illinois v. Gates*, the courts are permitted to employ "a practical, common-sense approach to the requirement of probable cause relative to the issuance of search warrants." *State v. Stephens*, 252 Ga. 181, 182 (311 SE2d 823) (1984). Even though this court was

reversed on its conclusion that probable cause was lacking, the standard articulated in *Stephens v. State*, 167 Ga. App. 417 (307 SE2d 9) (1983), *rev'd* 252 Ga. 181 (311 SE2d 823) (1984), remains sound: "[T]he affidavit must set forth sufficient *facts* from which the magistrate or judge can *independently* determine the reliability of both the information and the informant." Id. at 417. See also *State v. Jackson*, 166 Ga. App. 671 (305 SE2d 417) (1983).

The affidavit in this case did not simply make the conclusory statement that the informant was reliable. The affidavit set forth several facts from which the magistrate could independently determine the reliability of the information and the informant. The informant was shown to be a former police officer who had no criminal record, who had no known reason to falsify information and who was personally known to the affiant. Further, the informant's tip was based on his personal observation. These facts, taken together, show probable cause existed to issue the search warrant.

*Judgment reversed. McMurray, P. J., and Benham, J., concur.*

DECIDED SEPTEMBER 7, 1988.

*Glenn Thomas, Jr.*, District Attorney, *George E. Barnhill, Robert L. Crowe*, Assistant District Attorneys, for appellant.
*John J. Ossick, Jr.*, for appellee.