## A89A1876. THE STATE v. TEAGUE et al.
### (386 SE2d 718)

DEEN, Presiding Judge.

On November 3, 1988, police officers executed a search warrant for the premises of Kelly and Donna Teague. Crack cocaine was found on the person of Kelly Teague. Curtis Thornhill was a visitor on the premises at the time of the search, and, although no contraband was found on Thornhill, the officers searched his car parked near the house and discovered more controlled substance. The Teagues and Thornhill were charged with various offenses, and moved to suppress the evidence seized during the search, on the basis that the search was illegal. The trial court granted that motion, and the State appeals. *Held*:

In applying for the search warrant, the affiant officer stated that within the past 7 days a confidential informant had seen a sale of crack (methamphetamine) on the Teague premises. The informant had never furnished information to law enforcement officers previously, but the affiant officer expressed his belief that the informant

was truthful because of the details of the information, the truthful demeanor of the informant, and the lack of any apparent motive for lying. The "details" included a description of the location of the premises and the vehicles parked in the yard.

An affidavit submitted in support of a search warrant must " 'set forth sufficient *facts* from which the magistrate or judge can independently determine the reliability of both the information and the informant.' " *State v. McKendree*, 188 Ga. App. 290, 291 (372 SE2d 673) (1988). In the instant case, there was insufficient corroboration of the information to establish any reliability of either that information or the informant. The independent investigation by the affiant officer revealed only that the Teagues resided at the premises, and that the premises appeared as described by the informant; this minor corroboration did not infuse with reliability the information regarding controlled substances on the premises. If the informant lacked any apparent motive to dissemble, it could equally be said that he lacked any apparent motive to tell the truth. In short, the affidavit relates the conclusions of the affiant officer regarding the reliability of the information and informant, but fails to set forth the necessary facts for a magistrate's independent determination. Cf. *State v. McKendree*, supra. Accordingly, the trial court properly granted the motion to suppress.

*Judgment affirmed. Birdsong and Benham, JJ., concur.*

DECIDED SEPTEMBER 18, 1989.

*Timothy G. Madison, District Attorney*, for appellant.
*Andrew Price*, for appellees.

