## A89A1675. STATE OF GEORGIA v. ANDERSON et al.
## A89A1676. STATE OF GEORGIA v. MEERS.
(390 SE2d 68)

BENHAM, Judge.

This is an appeal by the State from a judgment entered on a directed verdict for appellees, the defendants in actions brought for the forfeiture of cash and jewelry seized in connection with arrests arising from a sale of 45 pounds of marijuana.[1] Anderson was the driver and Meers was a passenger in a van from which the marijuana was transferred to a car driven by an undercover officer. After the arrests of appellees, Meers' purse was searched and found to contain a small quantity of marijuana and $2,621.06 in cash. Also seized from the van was a bag identified as a man's shaving bag containing $20,000 and some gold jewelry. A forfeiture action naming Meers was commenced against the money found in her purse, and a separate action naming Anderson was commenced against the money and jewelry found in the bag. Meers intervened in that action. After the State put on evidence concerning the arrests and the seizure of the items sought to be

---

[1] Appellees were arrested on April 18, 1987. The forfeiture petition naming Anderson was filed on May 18, 1987, and the petition naming Meers on May 20, 1987. The actions were tried before a jury on January 23 and 24, 1989, and judgments for appellees were entered on February 6, 1989. Notices of appeal were filed on February 14, 1989. The cases were docketed here on May 31, 1989. Appellant's brief was filed on June 29, 1989, and appellees' on July 18, 1989. The case was submitted in September 1989.

condemned, the trial court granted appellees a directed verdict, finding that the State had proved no more than that the money and jewelry were found in proximity to drugs.

In *Bloodworth v. State*, 185 Ga. App. 880 (366 SE2d 324) (1988), this court upheld the condemnation of money found in a purse which contained drugs and which was in close proximity to a large quantity of controlled substances. The sole enumeration of error in that case was the denial of the defendants' motion for directed verdict, and we held it was proper because there was sufficient evidence to find that the money had been used or was intended to be used to facilitate the unlawful distribution, dispensing, or possession of controlled substances found in close proximity thereto. In other words, a showing that money is found in close proximity to controlled substances is sufficient to establish a prima facie case in an action for condemnation of that money. Because the evidence in the present case is at least as supportive of the conclusion reached in *Bloodworth* as was the evidence in that case, we hold that it presented a jury question and that the direction of the verdict was error.

*Judgments reversed. Birdsong, J., concurs. Deen, P. J., concurs specially.*

DEEN, Presiding Judge, concurring specially.

The majority opinion holds that "a showing that money is found in close proximity to controlled substances is sufficient to establish a prima facie case in an action for condemnation of that money." As I read OCGA § 16-13-49 (a) (6), the State's burden in such a condemnation case is two-fold: (1) it must be shown that the money was in close proximity to a controlled substance or marijuana; and (2) it must be shown that the money was used to facilitate some activity with the contraband.

I do not believe that *Bloodworth v. State*, 185 Ga. App. 880 (366 SE2d 324) (1988), relied upon by the majority opinion, stands for the proposition that a showing of close proximity also shows the illegal use. In *Bloodworth*, the other contents of the defendant's purse, viz., syringes, rolling papers, razor blades, a spoon, and triangular plastic bags containing powder, were significant factors in the determination that the evidence supported a finding of illegal use.

The majority opinion in the instant case effectively eliminates the second part of the State's burden of proof. Accordingly, I must concur in the judgment only.

DECIDED DECEMBER 4, 1989 —
REHEARING DENIED JANUARY 2, 1990 — ■

*Robert E. Keller, District Attorney, Lisa A. Curia, Assistant Dis-*

*trict Attorney,* for appellant.
   *Barry W. Bishop, Martha E. McElyea,* for appellees.