A93A0434. MOORE et al. v. STATE OF GEORGIA.
(432 SE2d 597)

BLACKBURN, Judge.

The State of Georgia commenced this forfeiture action against $200 cash, a 1985 Chevrolet Camaro automobile, and Clyde Moore as the owner, following seizure of the property during a search of Moore and his car pursuant to a search warrant. The trial court found that the property was contraband and therefore forfeited to the state in accordance with OCGA § 16-13-49, and this appeal followed.

1. The appellants contend that issuance of the search warrant (for Moore's person, car, and residence) was not supported by probable cause, because the affidavit submitted in conjunction with the application for the warrant was conclusory in nature. They emphasize that an affidavit "should contain more than a conclusory statement which gives the magistrate virtually no basis at all for making an independent judgment regarding the existence of probable cause. It should contain enough information to insure that the magistrate's decision as to the existence of probable cause is not merely a ratification of the conclusion of the officer seeking the warrant. [Cit.]" *Dobbins v. State*, 262 Ga. 161, 163-164 (415 SE2d 168) (1992).

In the instant case, the averring officer stated that an undercover police officer purchased marijuana from an individual named Derek Harrison on four different occasions, and on each occasion Harrison identified his supplier as Butch Moore. On two of those occasions, an officer followed Harrison to Moore's residence, where Harrison went

in briefly, and then back to Harrison's residence, where Harrison sold marijuana to the undercover officer. On both occasions, Harrison had told the undercover officer that he had to go to Butch's house to get the marijuana.

Although these averments are not rich in detail, they did more than state mere conclusions that trafficking in marijuana had occurred in Moore's residence. The affidavit stated facts describing an individual's sale of marijuana to an undercover police officer, each time identifying Moore as the supplier, and on two of those occasions actually being observed to visit Moore's residence immediately prior to selling the marijuana. "These facts, though minimal, permitted the magistrate to exercise his own independent discretion in concluding probable cause existed for the search and did not require the magistrate merely to rely on the opinion of the deposing officer." *Kemp v. State*, 201 Ga. App. 629, 633 (6) (411 SE2d 880) (1991).

The appellants also point out the affidavit described Moore as approximately 19 years old, whereas he actually was 38 years old. However, they fail to explain how the affiant's mistake over Moore's age invalidated the warrant. " 'Minor factual inaccuracies which are only peripherally relevant to the showing will not void the warrant where their presence in the affidavit is not such as to reflect on the credibility of the affiant.' [Cit.]" *Van Nice v. State*, 180 Ga. App. 112, 115 (2) (348 SE2d 515) (1986).

2. The appellants also contend that the evidence did not support a finding that Moore's automobile and the $200 cash were subject to forfeiture. Specifically, they assert that the evidence did not show that the automobile or cash were used to facilitate a drug transaction.

As police officers approached Moore's garage apartment to execute the search warrant, Moore was leaving in his 1985 Chevrolet Camaro. The officers stopped him, and a pat-down search revealed a quarter-ounce bag of marijuana and $200 cash in one pocket of his pants. There were no smoking devices or rolling papers on him or in his car. The officers then proceeded to search Moore's residence. Moore initially denied that it was his home, but plaques on the wall and checks found in the apartment bore his name. During the search, officers found 16 live marijuana plants growing in a closet, and 25 quarter ounce or ounce bags of marijuana stored in a large plastic bag under a bed pillow.

Under OCGA § 16-13-49 (d) (2), property that is used in any manner to facilitate a violation of the Georgia Controlled Substances Act, or any proceeds derived therefrom, is contraband, and no person shall have a property right to it. Under OCGA § 16-13-49 (d) (6), money that is found in close proximity to any controlled substance or marijuana, or other property subject to forfeiture, likewise is contraband. Further, OCGA § 16-13-49 (s) (2) provides that "[t]he fact that

money . . . was found in proximity to contraband . . . authorizes the trier of the fact to infer that the money . . . was the proceeds of conduct giving rise to forfeiture or was used or intended to be used to facilitate such conduct. . . ."

Testimony during the hearing revealed that Moore supplied quarter-ounce bags of marijuana to the individual who sold it to the undercover officer on three separate occasions, and an ounce bag of marijuana on another occasion. At the time he was stopped, Moore had a quarter-ounce bag of marijuana on his person, but no paraphernalia usually associated with personal consumption of marijuana. Moore's possession and transportation of a quarter-ounce bag of marijuana but lack of any smoking devices, along with his routine of selling marijuana in quarter-ounce bags and the overwhelming evidence of his manufacture of marijuana, authorized the finding that Moore was using his 1985 Chevrolet Camaro to facilitate a sale of marijuana when he was stopped.

With regard to the $200 cash, in *State of Ga. v. Anderson*, 194 Ga. App. 139 (390 SE2d 68) (1990), it was held that a showing by the state that money is in close proximity to drugs is sufficient to establish a prima facie case in an action for condemnation of the money. *Anderson* was only a two-judge case and thus carries no precedential value, and it considered an earlier version of OCGA § 16-13-49. However, OCGA §§ 16-13-49 (d) (6) and 16-13-49 (s) (2), subsequently enacted, embody that decision. Accordingly, the close proximity of the money to the quarter-ounce bag of marijuana authorized the trial court to find that the money either constituted proceeds of drug transactions, rather than salary as Moore claimed, or facilitated marijuana transactions, and thus was subject to forfeiture.

*Judgment affirmed. Johnson and Smith, JJ., concur.*

DECIDED JUNE 2, 1993 —
RECONSIDERATION DENIED JUNE 17, 1993 —

*Chris G. Nicholson*, for appellants.

*Michael C. Eubanks*, District Attorney, *Scott A. Drake*, *Daniel W. Hamilton*, Assistant District Attorneys, for appellee.