A93A0874. THE STATE v. GOODRICH et al.
(433 SE2d 390)

McMURRAY, Presiding Judge.

Defendants Kenneth Goodrich and Brenda Joan Goodrich were jointly indicted for possession of marijuana with intent to distribute (Count 1), possession of marijuana (Count 2), possession of diazepam (Count 3) and possession of firearms during the commission of a crime. Defendant Brenda Joan Goodrich was also charged with possession of firearms by a convicted felon (Count 5). Defendants entered not guilty pleas and filed motions to suppress evidence seized during a warranted search of their home.

The police search of defendants' home uncovered about 12.5 grams of suspected marijuana, "some Valiums[,] a revolver in the bedroom, and . . . other weapons in a gun cabinet in the living room area." The magistrate who authorized the search warrant relied solely upon the affidavit of Investigator Vicki Underwood of the Jackson County Sheriff's Department. The affidavit provides, in pertinent part, as follows: "Within the past five (5) days of June 3, 1992 affiant was contacted by an anonymous source who stated that it had occasion to be present at the above described premises within the past seven (7) days and observe a [quantity] approximately seven (7) pounds) of marijuana being stored. The source stated that it observed

the marijuana on the dining room table. The anonymous source stated that Ken was also selling valiums and that it was told by Ken that he had been 'busted' (arrested) in Atlanta, Georgia for possessing cocaine. The anonymous source described the residence belonging to Ken Goodrich, including location as a brown in color, double wide mobile home that looked like a house, with shingle/wood siding. The anonymous source further stated that the residence was hard to see from the road but it was behind the business that Ken operated which involved heavy equipment (cranes). Anonymous source stated that the driveway to the residence was horseshoe shape allowing you to enter from two (2) ways, one (1) being beside the business that Ken operates traveling in behind the business to the residence. Anonymous source described the inside of the residence as an open like area with approximately six (6) inch step-up from the dining room area to the living room area. Anonymous source stated that Ken's wife's name would be Brenda and that he had a son who did not live there. The anonymous source sounded like a mature adult who had demonstrated a truthful demeanor. The anonymous source stated that it was gainfully employed and it provided information and details which would not be readily detected by law enforcement. Anonymous source had no apparent motive for providing false information to affiant and indicated a personal knowledge/acquaintance with Ken Goodrich. On May 29, 1992, Investigator William Grant with the Jackson County Sheriff's Department told affiant that he had received information from a concerned citizen, who is a resident of Jackson County and is gainfully employed that Ken Goodrich stored pounds of marijuana at the residence herein described. On May 30, 1992, Kyle Bryant a former investigator for Jackson County Sheriff's Department and a current member of the Braselton City Council told affiant that he had received information from various sources that Ken Goodrich stored marijuana at the residence for the purpose of sell and consumption by smoking said marijuana. For these reasons, affiant holds the opinion that there is a strong probability that contraband may be found in the residence as well as any vehicles owned by or under the control of Ken Goodrich. Anonymous source stated that located inside the residence there would be a variety of weapons, i.e., handgun and rifles. Affiant holds the opinion from personal experience that persons involved with illegal contraband have a great tendency to destroy any contraband in their possession to avoid the apprehension of the contraband and/or themselves. For these reasons and in regard to the safety of the officers executing this search warrant, request is made by affiant for a No-Knock clause to be included in this search warrant for use if affiant feels that circumstances necessitate its execution. Independent investigation by affiant reveals that the premises is located as described in this affidavit and as related by

anonymous source. Information from the Braselton Post Office revealed that Ken Goodrich resides at said residence depicted in this search warrant. Information obtained through records check with utilization of G.C.I.C. revealed that Ken Goodrich was arrested by Decatur Police Department in 1980 for possession of Dangerous Drugs. Records check at the Jackson County Sheriff's Department revealed that Ken Goodrich resided at [the premises] as of January 23, 1991. For the above reasons affiant has probable cause to believe that at the above described premises there is now contained marijuana in Violation of Georgia Criminal Law."

The trial court granted defendants' motions to suppress. The State appeals. *Held*:

"An affidavit submitted in support of a search warrant must ' "set forth sufficient *facts* from which the magistrate or judge can independently determine the reliability of both the information and the informant." ' *State v. McKendree*, 188 Ga. App. 290, 291 (372 SE2d 673) (1988). In the . . . case [sub judice], there was insufficient corroboration of the information to establish any reliability of either that information or the informant. The independent investigation by [Investigator Underwood] revealed only that [defendant Kenneth Goodrich] resided at the premises[; that defendant Kenneth Goodrich had been arrested in 1980 on drug-related charges], and that the premises appeared as described by the informant; this minor corroboration did not infuse with reliability the information regarding controlled substances on the premises. If the informant lacked any apparent motive to dissemble, it could equally be said that he lacked any apparent motive to tell the truth. In short, the affidavit relates the conclusions of [Investigator Underwood] regarding the reliability of the information and informant, but fails to set forth the necessary facts for a magistrate's independent determination. Cf. *State v. Mc-Kendree*, supra." *State v. Teague*, 192 Ga. App. 839, 840 (386 SE2d 718). Further, the statements in Investigator Underwood's affidavit that Investigator William Grant and former Investigator Kyle Bryant also received reports about drug activity at defendants' home does nothing to bolster the materially uncorroborated telephone call of the anonymous tipster. The total lack of information concerning the basis or sources of these outside reports and the absence of affidavit or testimony from the law enforcement agents who allegedly received said reports relegates Investigator Underwood's account of such information to the status of rumor. See *McRae v. State*, 204 Ga. App. 234 (1), 235 (418 SE2d 796). Thus, Investigator Underwood's affidavit was insufficient to provide the magistrate with probable cause for issuance of a warrant and the trial court did not err in granting defendants' motions to suppress.

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED JUNE 28, 1993.

Timothy G. Madison, District Attorney, Jeffrey G. Morrow, Assistant District Attorney, for appellant.

King, King & Jones, John C. Leggett, David H. Jones, for appellees.