A93A0948, A93A0949. THE STATE v. BRYANT (two cases).
(436 SE2d 57)

COOPER, Judge.

Dale Bryant and Terry Bryant were charged with violating the Georgia Controlled Substances Act by possessing cocaine with the intent to distribute. They moved to suppress evidence seized during a search of Dale Bryant's apartment. The trial court granted the motion, and the State appeals.

Officer Michelle Scott obtained a search warrant for Dale Bryant's apartment based on a tip from an informant. In her affidavit in support of the search warrant, she stated that "[o]ver the past couple of weeks, affiant has received numerous telephone calls . . . from a confidential and reliable informant. The confidential and reliable informant told affiant that Dale Bryant was dealing cocaine from his residence and that Dale Bryant had in his possession a large quantity of cocaine and a large quantity of marijuana within the past 72 hours." The affiant went on to state that the informant told affiant Dale Bryant's address and described his vehicle and tag number and that the information regarding his address and vehicle was independently corroborated. The affiant also stated that the informant described Dale Bryant's physical appearance and told her where Dale Bryant banked and this information was also independently confirmed. Lastly, the affiant stated that her office had received another

complaint naming Dale Bryant as a drug dealer but did not identify the source of the complaint. The trial court granted the motion to suppress, ruling that the search warrant lacked probable cause because the affidavit did not set forth sufficient facts from which the magistrate could independently determine the reliability of the information and the informant. In its sole enumeration of error, the State contends that this ruling was erroneous.

" 'Under the standard set forth by the United States Supreme Court in *Illinois v. Gates*, (462) U. S. (213) (103 SC 2317, 76 LE2d 527) (1983), probable cause may be predicated on an informant's tip only if, under the "totality of the circumstances," including the "veracity" and "basis of knowledge" of the informant, there is a "fair probability" that contraband or evidence of a crime will be found in a particular place. [Cit.]' [Cit.]" *Salter v. State*, 198 Ga. App. 242, 243 (1) (401 SE2d 541) (1990). While establishment of the informant's veracity and basis of knowledge is no longer an absolute requirement since *Gates*, veracity and basis of knowledge are still major considerations in the probable cause analysis, and this court continues to hold that "[a]n affidavit submitted in support of a search warrant must ' "set forth sufficient *facts* from which the magistrate or judge can independently determine the reliability of both the information and the informant." ' [Cit.]" *State v. Teague*, 192 Ga. App. 839, 840 (386 SE2d 718) (1989). Officer Scott's affidavit in this case provided no factual information regarding the informant's veracity or basis of knowledge; she did not, for example, state that the informant was known to her, that he had provided useful information in the past, or that his information came from personal knowledge. Compare *State v. McKendree*, 188 Ga. App. 290 (372 SE2d 673) (1988). Although Officer Scott testified at the hearing on the motion to suppress that she met with the informant and observed him coming out of Dale Bryant's apartment, the State failed to establish that she communicated this information to the magistrate. Moreover, even if these additional facts were considered, they would not be sufficient to allow the magistrate to independently evaluate the reliability of the informant and his information. See *Teague*, supra (affidavit insufficient even though it related that informant's information was based on personal observation and that informant had truthful demeanor). "The complete lack of information about the informant and the basis of his knowledge relegated the information he supplied to the status of rumor." *State v. Brown*, 186 Ga. App. 155, 158 (2) (366 SE2d 816) (1988). Furthermore, the fact that the rumor was consistent with a second complaint about Dale Bryant could not turn the rumor into reliable information since there were no facts in the affidavit from which the second complaint or complainant could be deemed reliable either. See *Polke v. State*, 203 Ga. App. 306 (1) (417 SE2d 22) (1992).

Of course, even if an officer cannot provide information regarding the veracity of an informant or the basis of his knowledge, a tip may be proved reliable enough to provide probable cause if portions of the tip are sufficiently corroborated. See *Gates*, supra. In order for the corroboration to be meaningful enough to show reliability, however, the information corroborated must include "a range of details relating not just to easily obtained facts and conditions existing at the time of the tip, but to future actions of third parties ordinarily not easily predicted." Id. at 245. In short, the information corroborated will generally need to be a prediction of future behavior, as in *Gates*, or something similar — that is, inside information not available to the general public. See *Alabama v. White*, 496 U. S. 325 (110 SC 2412, 110 LE2d 301) (1990); *Weaver v. State*, 208 Ga. App. 105, 107 (430 SE2d 60) (1993). See also *State v. Stephens*, 252 Ga. 181, 184 (311 SE2d 823) (1984). ("Prudence counsels that *Gates* be considered as the *outer limit* of probable cause.") In this case, the officer "corroborated" descriptions of Dale Bryant, where he lived, his car, and his bank. As all of this information would be available to the general public, the corroboration in this case is not sufficiently meaningful to show reliability. See *Teague*, supra.

Accordingly, we are left with only the conclusory statements of the affiant officer regarding the reliability of the informant and his information that Dale Bryant had a large quantity of drugs in his apartment. Considering all the circumstances, we must conclude that the phone tip was not sufficient to establish a "fair probability" that drugs would be found in the apartment and that the trial court properly granted appellees' motion to suppress.

*Judgments affirmed. Beasley, P. J., and Smith, J., concur.*

DECIDED SEPTEMBER 20, 1993.

Thomas J. Charron, District Attorney, Debra H. Bernes, Nancy I. Jordan, Assistant District Attorneys, for appellant.
Jack J. Menendez, for appellees.