## A95A1764. GEARIN v. STATE OF GEORGIA.

(461 SE2d 562)

SMITH, Judge.

Stanley Gearin was arrested on December 7, 1994, on charges of violating the Georgia Controlled Substances Act, DUI, and carrying a concealed weapon. The truck he was driving when he was arrested was seized pursuant to OCGA § 16-13-49, and the State subsequently filed a complaint for forfeiture. Gearin answered the complaint and filed a motion to suppress evidence. After a hearing, the trial court entered orders granting the forfeiture and denying Gearin's motion to suppress. Gearin appeals.

1. Gearin contends the forfeiture was improper because the search of his truck was illegal. We do not agree.

Construed to support the trial court's judgment, the evidence presented at the hearing showed that while driving his truck in Lawrenceville at approximately 10:15 p.m., Gearin encountered a routine police roadblock. When Gearin rolled down his window, Lawrenceville police officer Timothy Roberts detected the odor of alcohol and observed an open container of alcohol in the console between the seats. He asked Gearin to pull over in order to administer field sobriety tests. Gearin complied, but before any tests could be conducted, Roberts observed a pill bottle protruding from Gearin's right front pants pocket. He asked Gearin if he could remove the bottle, and Gearin consented.

Roberts shook the bottle and heard no sound; he then opened the bottle and discovered two "corner bags" containing off-white powder that appeared to Roberts to be methamphetamine. Later analysis proved him to be correct, showing the bottle contained approximately 3.8 grams of methamphetamine. He then placed Gearin under arrest for violating the Georgia Controlled Substances Act and DUI. A later search of the truck also revealed less than four ounces of marijuana, and a handgun was found as well. Because OCGA § 16-13-49 (e) provides that more than four ounces of marijuana are required to support a forfeiture of property, the parties stipulated that the only basis for the forfeiture was the methamphetamine.

Gearin argues that Roberts exceeded the scope of the consent

given him when he opened the bottle containing the methamphetamine rather than just removing it from Gearin's pocket. We need not decide this question, however, because even assuming Gearin is correct that Roberts exceeded the scope of the consent given by opening the bottle, the methamphetamine was still admissible under the "inevitable discovery" rule. " '(W)hen . . . the evidence in question would inevitably (or ultimately) have been discovered without reference to the police error or misconduct, . . . the evidence is admissible.' [Cits.]" *Barnett v. State*, 204 Ga. App. 491, 494 (1) (420 SE2d 43) (1992).

Roberts testified he had made up his mind to arrest Gearin for DUI before discovering the contraband, and probable cause existed for him to do so. He testified that Gearin displayed many of the manifestations of intoxication: his eyes were red and glassy; he smelled strongly of alcohol and marijuana; and he was unsteady on his feet, stabilizing himself on the truck as he walked. Moreover, Gearin could certainly have been arrested under the "open container" law. OCGA § 40-6-253. A lawful search of Gearin's person would have been performed incident to his arrest. See *Allison v. State*, 217 Ga. App. 580, 581 (1) (459 SE2d 557) (1995). Such a search inevitably would have revealed the methamphetamine. The trial court did not err in using the methamphetamine to support the forfeiture.

2. Gearin maintains the trial court erred in granting the forfeiture because the State presented no evidence showing that the truck was used to facilitate a drug sale or purchase or that Gearin was using the truck to transport drugs after buying or selling them. We do not agree.

Citing *State of Ga. v. Wilbanks*, 208 Ga. App. 422, 423 (1) (430 SE2d 668) (1993), Gearin points out that "[h]ad the legislature intended that *all* of the property on which a drug violation occurred was subject to forfeiture, it could have used language to so indicate." He maintains the State presented no evidence that he was a dealer or that the truck was used to facilitate a sale or purchase of methamphetamine. He argues that unlike *Moore v. State of Ga.*, 209 Ga. App. 89 (432 SE2d 597) (1993), forfeiture therefore was inappropriate in this case because an insufficient nexus was shown between the truck and the drug violation.

This is incorrect. Even assuming the presence of the gun and the packaging of the contraband are an insufficient basis from which to infer sale, purchase, or distribution, the evidence was sufficient to support forfeiture. In *Moore*, it was necessary to establish a strong nexus between the violation and Moore's car and $200 in cash because when Moore was stopped, less than an ounce of marijuana was found on his person. OCGA § 16-13-49 (e) provides that "[a] property interest shall not be subject to forfeiture under this Code section for a

violation involving one gram of cocaine or less or four ounces of marijuana or less *unless said property was used to facilitate a transaction in or a purchase of or sale of a controlled substance or marijuana.*" (Emphasis supplied.)

In this case, the forfeiture was not subject to the restrictive language of OCGA § 16-13-49 (e), because the forfeiture was based upon Gearin's possession of *methamphetamine.* The restriction in OCGA § 16-13-49 (e) does not apply, and subsections (d) (2), (3), and (6) control the forfeiture. Tracking the language of those Code subsections, the truck "directly or indirectly" facilitated a violation of the Georgia Controlled Substances Act because methamphetamine was being transported in the truck. OCGA § 16-13-49 (d) (2). In addition, methamphetamine was found "in close proximity to" the truck. OCGA § 16-13-49 (d) (6). Possession of methamphetamine is also punishable by a prison term of more than one year, so as to comply with OCGA § 16-13-49 (d) (3). See OCGA §§ 16-13-26 (3) (B); 16-13-30 (e). The truck was therefore subject to forfeiture under those Code subsections. The evidence was sufficient to support the forfeiture.

*Judgment affirmed. Birdsong, P. J., and Johnson, J., concur.*

DECIDED AUGUST 23, 1995.

*Wolfe & Steel, Brian E. Steel,* for appellant.
*Daniel J. Porter, District Attorney, Dan W. Mayfield, Assistant District Attorney,* for appellee.