A95A2290. CASWELL et al. v. THE STATE.
(466 SE2d 907)

McMURRAY, Presiding Judge.

Defendants Blanche Caswell, Robert L. Caswell II, and Robert L. Caswell III, were jointly indicted for possession of methamphetamine. Defendants appeal following their conviction at a non-jury trial. *Held*:

Some amount of the contraband drug was found in the possession of each of the defendants during a search pursuant to a warrant of the residence of Robert L. Caswell II, and Blanche Caswell. The search warrant was issued solely on the basis of the affidavit submitted to the magistrate, that is, no oral testimony adding to the affidavit was given before the issuing magistrate. Defendants contend that the affidavit and search warrant are defective due to a failure to establish the reliability of the informant and of the information provided by the informant.

"An affidavit submitted in support of a search warrant must ' "set forth sufficient *facts* from which the magistrate or judge can independently determine the reliability of both the information and the informant." ' *State v. McKendree*, 188 Ga. App. 290, 291 (372 SE2d 673) (1988)." (Emphasis in original.) *State v. Teague*, 192 Ga. App. 839, 840 (386 SE2d 718). The reliability of the informant was adequately established in the affidavit.

But defendants are correct in their assertion that the affidavit fails to establish the informant's basis of knowledge. The affidavit states that "[d]uring the past five (5) days Affiant has received information from a reliable confidential informant that Bert Caswell had a quantity of methamphetamines in his residence." There was no indication in the affidavit as to whether this information came from the informant's personal knowledge so the informant's tip must be relegated to the status of a casual rumor. Evidence at the motion to suppress hearing showing that the affiant had more information as to the basis of the informant's knowledge than was set forth in the affidavit is irrelevant since it was not communicated to the magistrate.

Nor was the informant's tip proven reliable through corroboration. Such usually requires that the tip contains predictions of the future actions of third parties of a nature not easily predicted. In the case sub judice there was neither such predictions nor any surveillance of defendants or their residence.

The State does argue that corroboration is provided by a statement that in the past months information had been received from concerned citizens that Bert Caswell was selling methamphetamines from the residence, but these earlier complaints could not turn the informant's rumor into reliable information since there were no facts in the affidavit from which the earlier complaints could be deemed reliable either. *State v. Bryant*, 210 Ga. App. 319, 320 (436 SE2d 57).

The affidavit in the case sub judice did not provide the magistrate with a substantial basis for determining the existence of probable cause to issue a warrant authorizing a search of the residence. Therefore, the denial of defendants' motion to suppress evidence obtained pursuant to the search warrant was reversible error.

We further note that the third defendant, Robert L. Caswell III,

was not a resident of the home, but arrived there during the course of the search and that methamphetamine was found during a search of his person. The trial court upheld the legality of this search by determining that this was a legal search of a probationer who is required to submit to police search when requested. Since this finding suggests an independent basis for the search of this defendant, we must note that the factual predicate for the trial court's finding is absent from the record. There is no evidence that the conditions of this defendant's probation include any relinquishment of Fourth Amendment rights. Consequently, the search of this defendant must be viewed as attributable to the illegal search warrant.

*Judgment reversed. Andrews and Blackburn, JJ., concur.*

DECIDED JANUARY 5, 1996.

*T. Neal Brunt, Jimmy D. Berry*, for appellants.
*T. Joseph Campbell, District Attorney, Lance T. McCoy, Assistant District Attorney*, for appellee.