A98A2408. ROBERTSON et al. v. THE STATE.
(510 SE2d 914)

JOHNSON, Chief Judge.

Wade Robertson was indicted for possession of marijuana with intent to distribute and possession of a firearm by a convicted felon. Kelly Robertson was indicted for possession of marijuana with intent to distribute. The defendants moved to suppress evidence seized in the search of their home, claiming the officer who applied for the search warrant omitted from his affidavit material information regarding the reliability of the informant upon whose information the affidavit was based. We granted the Robertsons' application for interlocutory appeal from the order denying their motion to suppress.

During the hearing on the motion to suppress, the police officer who applied for the search warrant testified that he arrested the informant for driving while under the influence of drugs or alcohol. While the DUI charge was pending, the informant telephoned the officer and told him he knew someone who was selling narcotics and

that he was willing to give the officer the information if the officer would "help" him with the DUI charge. The officer knew that the informant had been convicted of burglary and possession of marijuana and was on probation or parole. The officer said he could not promise the informant anything, but he would make the judge aware of his cooperation and assistance. The informant then gave the officer information resulting in three arrests, including the two arrests at issue here.

According to the officer, the informant told him that he had been in the Robertsons' residence and saw what he described as two pounds of marijuana in a desk drawer. The informant was "enraged" when he made the call, telling the officer that he was angry at Wade Robertson because he had made a sexual advance at the informant's "old lady."

The officer swore out an affidavit for search warrant based on the informant's information. Specifically, the officer stated in the affidavit that a previously reliable source told him that he had been in Wade Robertson's home. and saw there a quantity of marijuana. The officer wrote that Robertson was "representing the material to be marijuana, for sale." The officer also indicated that the informant had given him information about a drug offense three months earlier which resulted in an arrest. The officer further stated that he corroborated the informant's information by driving by the Robertsons' residence and observing that the exterior of the premises and the car parked out front matched the description given by the informant. Moreover, the officer confirmed with the county "911" system that Wade Robertson lived there. The officer did not include in the affidavit any information about the informant's criminal history, the informant's anger with Wade Robertson, or the fact that the informant was attempting to get "help" from the police on a pending criminal charge. The affidavit was the only information provided to the issuing magistrate.

The Robertsons contend that, by failing to give the magistrate any of this information about the informant, the officer denied the magistrate the opportunity to accurately assess the informant's reliability and veracity. We agree.

Probable cause may be predicated on an informant's tip only if, under the totality of the circumstances, including the informant's veracity and basis of knowledge, there is a fair probability that contraband or evidence of a crime will be found in a particular place. *Smith v. State*, 218 Ga. App. 12, 14 (460 SE2d 114) (1995). "While establishment of the informant's veracity and basis of knowledge is no longer an absolute requirement since [*Illinois v. Gates*, 462 U. S. 213 (103 SC 2317, 76 LE2d 527) (1983)], veracity and basis of knowledge are still major considerations in the probable cause analysis,

and this court continues to hold that an affidavit submitted in support of a search warrant must set forth sufficient facts from which the magistrate or judge can independently determine the reliability of both the information and the informant." (Citations and punctuation omitted.) Id.; *State v. Teague*, 192 Ga. App. 839, 840 (386 SE2d 718) (1989).

Because an informant's reliability is a major consideration, officers seeking warrants should provide the magistrate with any information they have relevant to an informant's reliability or motivation, including matters such as criminal records and payments made to the informant. See *Perkins v. State*, 220 Ga. App. 524, 525 (2) (469 SE2d 796) (1996). If material information is knowingly or recklessly omitted from the affidavit, the reviewing court should include it with other information provided the magistrate to determine whether probable cause to issue the warrant existed. Id.; see *Hockman v. State*, 226 Ga. App. 521, 523 (1) (487 SE2d 102) (1997) (physical precedent only).

The officer's failure to inform the magistrate about the informant's criminal background, pending criminal charges and the possible revocation of his probation or parole, and his personal animosity toward Wade Robertson resulted in the magistrate being deprived of the opportunity to independently determine the reliability of the informant. Compare *Kessler v. State*, 221 Ga. App. 368, 370-371 (471 SE2d 313) (1996), where the officer knowingly omitted only the fact that the informant was a felon.

The material omissions here are not offset by any independent corroboration by the officer of illegal activity. In order for the corroboration to be meaningful enough to show reliability, the information corroborated must include a range of details relating not just to easily obtained facts and conditions, but to future actions of third parties not easily predicted. See *State v. Bryant*, 210 Ga. App. 319, 321 (436 SE2d 57) (1993). The information corroborated generally needs to be a prediction of future behavior, or something similar, that is inside information not available to the general public; otherwise, the corroboration is not sufficiently meaningful to show reliability. Id. The minor corroboration here, namely regarding the outward appearance of the house and the presence of a parked car, is not sufficient to show reliability. See id.; *Teague*, supra. If we consider the information omitted from the affidavit along with that included in the affidavit, probable cause did not exist for the issuance of the warrant. Because the magistrate did not have a substantial basis for concluding that probable cause existed, the trial court erred in denying the Robertsons' motion to suppress. See *Pailette v. State*, 232 Ga. App. 274, 276 (501 SE2d 603) (1998).

*Judgment reversed. Smith and Barnes, JJ., concur.*

DECIDED JANUARY 21, 1999.

*Gilbert J. Murrah*, for appellants.

*J. Brown Moseley, District Attorney, Robert R. Auman, Assistant District Attorney*, for appellee.