## A99A2233. GALVAN v. THE STATE.
(524 SE2d 297)

BLACKBURN, Presiding Judge.

Rogelio Galvan appeals his conviction, following a bench trial, for possession of marijuana, contending that the trial court erred by denying his motion to suppress approximately 61 pounds of marijuana found at his residence. In support of his motion, Galvan argues that the affidavit on which the search warrant was founded failed to establish probable cause. For the reasons set forth below, we affirm.

In determining whether an affidavit sufficiently establishes the probable cause necessary for issuance of a warrant, we employ the totality of the circumstances analysis enunciated in *Illinois v. Gates*, 462 U. S. 213 (103 SC 2317, 76 LE2d 527) (1983), and adopted by the Georgia Supreme Court in *State v. Stephens*, 252 Ga. 181 (311 SE2d 823) (1984), with the admonition that prudence counsels that *Gates* be considered as the outer limit of probable cause. Under that analysis, the task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed.

(Punctuation omitted.) *Eaton v. State*, 210 Ga. App. 273 (1) (435 SE2d 756) (1993).

In this case, the affidavit of Officer L. L. Smith, which was attached to the search warrant, contains the following information: (1) on February 25, 1997, the Georgia Bureau of Investigation asked the Doraville Police Department for assistance in setting up a controlled delivery of an intercepted package containing 23 pounds of marijuana to Galvan's residence, where it had been addressed; (2) on March 5, 1997, a confidential informant stated that marijuana was being sold from Galvan's residence and described a hand-to-hand sale witnessed at that address; (3) on March 7, 1997, this confidential informant purchased marijuana from two men at a nearby location, and, immediately after the sale, one of the men went to Galvan's residence; and (4) independent police investigation showed that the informant's description of Galvan's residence was accurate.

We find no error in the issuance of a search warrant based upon this affidavit. Although Galvan claims that there was no evidence

that the confidential informant was reliable, the information provided by the informant was corroborated by other sources which, in turn, indicated the veracity of the informant. "Our decisions applying the totality of circumstances analysis have consistently recognized the value of corroboration of details of an informant's tip by independent police work." (Punctuation omitted.) *Stephens*, supra at 183. Here, there was independent evidence that a package containing a large amount of marijuana had been mailed to Galvan's residence, and a participant in a sale of marijuana had some connection with the home. Therefore, the issuance of the warrant was authorized in this case. Id.

Although Galvan argues that the magistrate ultimately had no proof that marijuana was located in Galvan's residence,

> [b]y no means is probable cause to be equated with proof by even so much as a preponderance of evidence. As stated in *Gates*, [supra at 2336,] "[p]robable cause does not demand the certainty we associate with formal trials." The issuing magistrate *now* need only conclude that there is a "fair probability that contraband or evidence of a crime will be found in a particular place." Id. at 2332.

(Citation omitted; emphasis in original.) *Stephens*, supra at 184.
*Judgment affirmed. Eldridge and Barnes, JJ., concur.*

DECIDED NOVEMBER 1, 1999.

*Darel C. Mitchell*, for appellant.
*Daniel J. Porter, District Attorney, Dawn H. Taylor, Assistant District Attorney*, for appellee.

