## A00A2515. CLAIRE v. THE STATE.
(544 SE2d 537)

MILLER, Judge.

After a stipulated bench trial, Kevin Ray Claire was convicted of trafficking methamphetamine. He appeals, enumerating the denial of his motion to suppress.

This court's responsibility in reviewing a trial court's ruling on a motion to suppress is to assure there was a substantial basis for the decision, and the evidence is construed to uphold the findings and judgment of the trial court.[1]

Claire argues that the search warrant was not supported by probable cause. The affidavit in support of the search warrant contained the following information:

> The affiant who is a sworn and certified law enforcement officer, was contacted by [Special Agent] Simmons, who was contacted by a reliable source that wishes to remain confidential. This source is believed to be reliable because within the past month this source has provided information that has led to the seizure of controlled substances and arrest of individuals. Within the past seventy-two hours, this source has been on the above described premises and has observed a quantity of off white chunky substance. This off white chunky substance was represented as methamphetamine to the source by Kevin Claire. The source is familiar with methamphetamine in its various stages of usage, preparation for storage and distribution. The affiant did ride by the location and the source did point it out. . . . Based on information from the source and background information obtained by the affiant, Mr. Claire keeps a handgun on or near his person.

When determining the existence of probable cause for the issuance of a search warrant, a court applies the "totality of the circumstances" analysis enunciated in *Illinois v. Gates.*[2] The sufficiency of an affidavit should be reviewed "to ensure that the magistrate had a

---

[1] *Tomlinson v. State,* 242 Ga. App. 117, 118 (527 SE2d 626) (2000).
[2] 462 U. S. 213 (103 SC 2317, 76 LE2d 527) (1983); *Galvan v. State,* 240 Ga. App. 608 (524 SE2d 297) (1999).

substantial basis for concluding that probable cause existed."[3] The magistrate's task is to determine whether, given all the circumstances presented in the affidavit, including the veracity and basis of knowledge of the informant, there is a fair probability that evidence or contraband will be found in a particular place.[4] And the resolution of doubtful or marginal cases should be largely determined by the preference to be accorded to warrants.[5]

Claire argues that the affidavit did not provide enough information to establish the reliability of the informant's information.

> The type of information which should be furnished to the magistrate to enable the magistrate to determine the informant's reliability is: (1) the type of information previously supplied by the informant, (2) the use to which the information was put, and (3) the elapsed time since the information was furnished.[6]

And it is not necessary for all three of the factors to be shown as long as the magistrate has sufficient information to make an independent analysis.[7]

Here, the affidavit is sufficient to establish the confidential informant's reliability. The informant (1) stated that he saw the substance at Claire's home within the past 72 hours, (2) stated that Claire told him that the substance was methamphetamine, (3) had provided information in the past month that led to the seizure of controlled substances and the arrest of individuals, (4) rode with officers to Claire's home and pointed it out, and (5) gave more detail by alerting officers that Claire carried a handgun. Therefore, the information provided by the confidential informant satisfied the guidelines set out in *Mitchell v. State*.[8]

In support of his assertion that the search warrant was invalid, Claire cites *State v. Teague*[9] and *State v. Bryant*,[10] but both cases are distinguishable. In *Teague*, the informant had never previously furnished information to law enforcement officials.[11] And in *Bryant*, the affidavit contained no factual information regarding the informant's

---

[3] (Citation and punctuation omitted.) *Illinois*, supra, 462 U. S. at 238-239 (III).

[4] Id. at 238 (III); *Bellamy v. State*, 243 Ga. App. 575, 578 (1) (b) (530 SE2d 243) (2000).

[5] *Mincey v. State*, 180 Ga. App. 898, 900 (1) (350 SE2d 852) (1986).

[6] (Citation omitted.) *Mitchell v. State*, 239 Ga. App. 735, 736 (1) (521 SE2d 873) (1999).

[7] Id.

[8] Supra, 239 Ga. App. at 736; see *Clark v. State*, 235 Ga. App. 569, 570-571 (1) (510 SE2d 319) (1998).

[9] 192 Ga. App. 839 (386 SE2d 718) (1989).

[10] 210 Ga. App. 319 (436 SE2d 57) (1993).

[11] *Teague*, supra, 192 Ga. App. at 839-840.

veracity or basis of knowledge.[12]

Claire also argues that the affiant did not corroborate the reliability of the informant's information but relied on the Fayette County police for this corroboration,[13] and that the information the informant had provided in the past was based on Fayette County's records and not Clayton County's. But "[o]bservations by fellow officers of the Government engaged in a common investigation are plainly a reliable basis for a warrant applied for by one of their number."[14]

Since the affidavit was adequate, the trial court correctly denied Claire's motion to suppress.

*Judgment affirmed. Pope, P. J., and Mikell, J., concur.*

DECIDED JANUARY 23, 2001.

*Patricia F. Angeli,* for appellant.

*Robert E. Keller, District Attorney, Adrian Britt, Assistant District Attorney,* for appellee.

---

[12] *Bryant,* supra, 210 Ga. App. at 320.

[13] The affiant, who was an agent with the Clayton County Drug Task Force, received the information from an agent with the Fayette County Drug Task Force.

[14] (Citations and punctuation omitted.) *Deal v. State,* 199 Ga. App. 184, 185 (1) (404 SE2d 343) (1991); accord *Mitchell v. State,* 239 Ga. 456, 458 (2) (238 SE2d 100) (1977).