## A02A0445. DUTY v. THE STATE.
(563 SE2d 558)

ANDREWS, Presiding Judge.

In defense of possession of cocaine charges, Christopher Derrick Duty moved to suppress evidence of cocaine found by police during a search of a motel room pursuant to a search warrant. In his pre-trial appeal, Duty claims the trial court erroneously denied the motion because the affidavit presented to the magistrate to obtain the search warrant was insufficient to support a determination that there was probable cause to believe contraband would be found in the room. We agree and reverse the trial court's denial of the motion.

The police officer's affidavit was the only information presented to the magistrate in support of the search warrant. It stated that within the past 24 hours an informant who had previously provided reliable information told the officer that Duty was selling cocaine from room 115 of the Dublin Motel and that within the past week a second reliable informant told the officer that Duty was selling cocaine from room 22 of the Irish Inn and that he was driving "a red newer model Chevrolet Cavalier." The affidavit further stated that an investigation conducted by police showed that Duty was staying in room 24 at the Irish Inn, was driving a red 2000 model Chevrolet Cavalier, and had previously been arrested on unrelated drug charges.

Based on this information, the magistrate issued a search warrant for room 115 at the Dublin Motel to search for cocaine and related evidence. A search of the room pursuant to the warrant produced a plastic bag with traces of suspected cocaine.

Where issuance of a search warrant is based primarily on an informant's tip, the issuing magistrate must apply the "totality of the circumstances" test under *Illinois v. Gates*, 462 U. S. 213 (103 SC 2317, 76 LE2d 527) (1983), to determine whether there is probable cause for the search warrant.

> The task of the issuing magistrate [under *Gates*] is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed.

(Citations and punctuation omitted.) *State v. Stephens*, 252 Ga. 181, 182 (311 SE2d 823) (1984) (quoting from *Gates*).

The officer's affidavit in this case states that the two informants who gave the hearsay information had given reliable information in the past, but it says nothing about the basis of knowledge of the informants. With nothing showing how the informants obtained the information, it might well have been based on casual rumor which cannot establish probable cause. *State v. Wesson*, 237 Ga. App. 789, 792 (516 SE2d 826) (1999). Moreover, nothing in the affidavit compensates for this deficiency by sufficiently corroborating the information. Id. at 791. The tips were given by two informants about separate incidents at different locations, and neither tip contains information corroborating portions of the other. Compare *Stephens*, 252 Ga. at 183. The police investigation showing Duty drove a car like the one described by one of the informants did not meaningfully corroborate the tip because it merely confirmed information easily obtained by anyone who saw Duty driving. Finally, the fact that Duty had previously been arrested on drug charges did not corroborate the tips.

In the absence of anything showing the basis for the information provided by the informants, and nothing else sufficiently corroborating the information, there was no substantial basis for concluding that probable cause existed for issuance of the search warrant.

*Judgment reversed. Phipps and Mikell, JJ., concur.*

DECIDED APRIL 5, 2002.

*Tapley & Warnock, George C. Tapley*, for appellant.
*Ralph M. Walke, District Attorney, James C. Garner, Assistant District Attorney*, for appellee.