S03A1282, S03A1414. BANKS v. STATE OF GEORGIA (two cases).
(592 SE2d 668)

CARLEY, Justice.

Responding to the report of a shooting, police officers arrived at the home of Willie Banks and discovered that he had received multiple gunshot wounds. According to him, two armed men entered his home, and he may have wounded one or both before they fled. After Banks was transported to the hospital, the officers spoke with his neighbors who reported seeing two suspects, and then hearing an argument followed by gunfire coming from Banks' house. The neighbors also said that Banks sold drugs out of his residence. One of them stated that, in an earlier conversation with Banks, he admitted sell-

ing large amounts of marijuana. An investigating officer sought a warrant to search the house for evidence of the shooting, including blood, hair and "marijuana, plastic bags, scales and any materials used to package or distribute said marijuana." The warrant issued, and the ensuing search resulted in the discovery of 41 grams of cocaine and $29,940 in cash.

The State of Georgia initiated forfeiture proceedings against the contraband and money. Banks answered, and the trial court conducted a hearing at which it admitted hearsay over his objection. He subsequently filed a challenge to the constitutionality of OCGA § 16-13-49 (s) (1), contending that, by authorizing consideration of hearsay at a forfeiture hearing, that statute violated the constitutional right of an accused to face his accusers. The trial court upheld the constitutionality of the law, and entered an order of forfeiture which relied in part upon the hearsay evidence admitted at the hearing. The trial court ruled that the warrant was supported by probable cause to search for "physical evidence or a motive for the [home invasion] and . . . the identity of the perpetrators in [that] crime . . . ." From that order, Banks brings this appeal.

1. Banks contends that OCGA § 16-13-49 (s) (1) is unconstitutional. The statute provides that, in a forfeiture hearing, the trial court

> may receive and consider, in making any determination of probable cause or reasonable cause, all evidence admissible in determining probable cause at a preliminary hearing or by a magistrate pursuant to Article 1 of Chapter 5 of Title 17, together with inferences therefrom . . . .

It has long been recognized that hearsay is admissible in determining the existence of probable cause. *Jones v. United States*, 362 U. S. 257, 271 (80 SC 725, 4 LE2d 697) (1960), overruled on other grounds, *United States v. Salvucci*, 448 U. S. 83 (100 SC 2547, 65 LE2d 619) (1980); *Strauss v. Stynchcombe*, 224 Ga. 859, 865 (2) (165 SE2d 302) (1968). Admission of hearsay for that purpose does not violate the constitutional right of a defendant to confront the accusing witnesses, because guilt or innocence is not the issue for determination. " 'There is . . . a great "difference between what is required to prove guilt in a criminal case and what is required to show probable cause for arrest or search." [Cit.]' " *Strauss v. Stynchcombe*, supra at 865 (2). "[A] finding of 'probable cause' may rest upon evidence which is not legally competent in a criminal trial. [Cit.]" *United States v. Ventresca*, 380 U. S. 102, 107 (I) (85 SC 741, 13 LE2d 684) (1965).

Under OCGA § 16-13-49 (s) (1), hearsay is not admissible to prove the truth of its contents. It is admitted for the limited purpose

of showing the information relied upon to establish the existence of probable cause to conduct the search. *Rabern v. State of Ga.*, 221 Ga. App. 874, 875 (2) (473 SE2d 547) (1996). Here, the officers who testified at the forfeiture hearing were not called to prove that Banks violated the criminal law by possessing the contraband and money. The purpose of their testimony was to explain the basis for seeking a warrant to search his house. They set forth the factors which supported the belief that the evidence related to the home invasion would be found in the residence, including the presence therein of drugs as the motive for the commission of the assault against Banks. The trial court correctly rejected the challenge to the constitutionality of OCGA § 16-13-49 (s) (1), pursuant to which the testimony was admissible for this limited purpose.

2. Banks contends that the warrant did not issue on probable cause. As previously noted, OCGA § 16-13-49 (s) (1) authorizes the trial court in a forfeiture hearing to consider all of the evidence that would be admissible before the magistrate. Such evidence includes the affidavit, as well as the sworn testimony of the officers. See *Simmons v. State*, 233 Ga. 429, 431 (211 SE2d 725) (1975). Under the "totality of the circumstances" test, the duty of a trial court conducting a forfeiture hearing is to make a practical, common-sense decision whether, given all the evidence presented to it, there is a fair probability that contraband or evidence of a crime would be found in a particular place. See *Illinois v. Gates*, 462 U. S. 213 (103 SC 2317, 76 LE2d 527) (1983). See also *State v. Stephens*, 252 Ga. 181, 182 (311 SE2d 823) (1984) (motion to suppress). The duty of the appellate court is to ensure that the trial court had a substantial basis for finding that probable cause existed. *State v. Stephens*, supra at 182.

The affidavit related that Banks had been shot and claimed to be the victim of a home invasion robbery. Thus, it is clear that the police had probable cause to believe that a completed or an attempted armed robbery, as well as aggravated assault, were committed in the residence. Consequently, they had probable cause to believe that evidence related to those offenses, such as blood and hair, would be found in the house.

With regard to a possible motive for the crimes, the officers indicated that they received reports that Banks sold drugs from his house. "Hearsay can be the basis for issuance of a warrant 'so long as there (is) a substantial basis for crediting the hearsay.' [Cits.]" *Ward v. State*, 234 Ga. 882, 883 (218 SE2d 591) (1975). In determining the credibility of hearsay, the declarant's veracity and basis of knowledge are still major considerations. *Clemons v. State*, 257 Ga. App. 96, 99 (1) (574 SE2d 535) (2002). Here, the informants were not named, and they were identified only as Banks' neighbors. The affiant admitted that he was not previously acquainted with the anonymous neigh-

bors, and had no prior personal knowledge of whether they might be considered truthful individuals. See *State v. Jackson*, 166 Ga. App. 671, 673 (2) (305 SE2d 417) (1983). Compare *Miller v. State*, 155 Ga. App. 399 (I) (A) (270 SE2d 822) (1980). Thus, at best, each was shown to be an undisclosed citizen, whose veracity was never demonstrated. *Stewart v. State*, 217 Ga. App. 45, 47 (456 SE2d 693) (1995); *State v. Brown*, 186 Ga. App. 155, 157 (2) (366 SE2d 816) (1988). Therefore, there was no basis for crediting their reports that Banks was a drug dealer. "If the informant[s] lacked any apparent motive to dissemble, it could equally be said that [they] lacked any apparent motive to tell the truth." *State v. Teague*, 192 Ga. App. 839, 840 (386 SE2d 718) (1989). "[A]ttesting officers and magistrates [should] make every effort to see that supporting affidavits reflect the maximum indication of reliability . . . whenever and wherever that shall be feasible." *State v. Stephens*, supra at 184. That was not done here.

Moreover, with a single exception, the basis of knowledge of the unidentified declarants was never shown. As to them, their reports that Banks sold drugs from his house might be no more than an unsubstantiated rumor circulating throughout the neighborhood. *Duty v. State*, 254 Ga. App. 727, 728 (563 SE2d 558) (2002); *State v. Brown*, supra at 158 (2). The affiant did assert that one of the unnamed neighbors revealed that, in a prior conversation, Banks admitted that he sold "large amounts of marijuana." Although this identified Banks himself as the source of the declarant's information, the approximate time that Banks made this admission was not set forth, nor was there any indication that, when he supposedly made it, he was recounting present, rather than past, events. "[T]he time of the occurrence of the facts relied upon is a prime element in the concept of probable cause. [Cit.]" *Lewis v. State*, 255 Ga. 101, 104 (2) (335 SE2d 560) (1985). The inquiry is whether the factual statements within the affidavit are sufficient to create a reasonable belief that the conditions described still prevail. *State v. Luck*, 252 Ga. 347 (312 SE2d 791) (1984). Here, there was nothing in the affidavit to support a reasonable belief that Banks was dealing drugs from his house at the time the warrant was issued.

Thus, a fair assessment of the totality of the information supplied by the officers is that certain unnamed individuals, none of whom they had a demonstrable reason to believe, implicated Banks as a seller of drugs. Moreover, all but one of the anonymous accusers did not disclose any basis for making the charge. The single informant who did identify the source of the incriminating information otherwise failed to indicate whether the criminal activity attributed to Banks was current or stale. This evidence may have been sufficient to create a suspicion so as to justify further investigation into Banks' alleged drug dealing. However, it was not a sufficient showing of

probable cause so as to justify an immediate search of Banks' home for drugs. *State v. Brown*, supra at 157 (2).

The State of Georgia contends that any deficiencies in the affidavit were supplied by the affiant's testimony that, in his subjective opinion, the motive for the home invasion was "probably two things, drugs or money." However, probable cause must be based upon facts, not opinions or suspicions. OCGA § 17-5-21 (a); *Veasey v. State*, 113 Ga. App. 187 (3) (147 SE2d 515) (1966). Nothing in the testimony of the officer states objective facts which would corroborate as both true and current the information supplied by the neighbors, such that there was a fair probability that Banks sold drugs from his house and that the contraband would be found there following the incident. At most, the affiant's opinion expresses his own personal belief that the home invasion fit a drug traffic pattern, and raises only a mere suspicion that contraband was being kept on the premises. *State v. Brown*, supra at 158 (3). Considering the affidavit and the testimony, the warrant to search for drugs was not supported by probable cause.

3. The State of Georgia contends that, considering the authorized search for evidence related to the home invasion, such as blood and hair and identifying papers for the automobiles parked in the driveway, it was inevitable that the officers would discover the drugs and money. See *Gearin v. State of Ga.*, 218 Ga. App. 390, 391 (1) (461 SE2d 562) (1995). However, the trial court did not reach that conclusion, and the evidence does not demand such a finding. Instead, the record shows that the cocaine and money were both found in closed containers which were not opened until a dog brought to the premises for the express purpose of searching for drugs alerted his handler to their presence. Under these circumstances, discovery of the items was the product of an unauthorized search for drugs, rather than the inevitable result of an authorized search for evidence regarding the ownership of the cars or the identity of those who committed the robbery and assault.

4. After the trial court entered the original order of forfeiture, Banks filed both a notice of appeal and a motion for new trial. Although the appeal was eventually docketed in this Court as Case Number S03A1282, the effect of the pending motion for new trial was to preserve the jurisdiction of the trial court over the case. *Housing Authority of the City of Atlanta v. Geter*, 252 Ga. 196, 197 (312 SE2d 309) (1984). Thereafter, the trial court vacated the original order, and entered another order of forfeiture. Banks filed a timely notice of appeal from that order, and the case was docketed as Case Number S03A1414. Under these circumstances, only Case Number S03A1414 is viable, as Case Number S03A1282 became moot when the order being appealed therein was vacated. Accordingly, Case Number S031282 is hereby dismissed.

5. In Case Number S03A1414, the trial court correctly upheld the constitutionality of OCGA § 16-13-49 (s) (1), but erred in finding the existence of probable cause to search Banks' residence for drugs. Accordingly, the judgment of forfeiture as to the contraband and the money must be reversed, notwithstanding the validity of the evidentiary ruling admitting hearsay for the limited purpose of attempting to show that the officers properly seized those items.

*Appeal dismissed in Case Number S03A1282. Judgment reversed in Case Number S03A1414. All the Justices concur.*

FLETCHER, Chief Justice, concurring.

Because a forfeiture hearing is a quasi-criminal proceeding,[1] if OCGA § 16-13-49 (s) (1) were interpreted to authorize the State to use inadmissible hearsay to support a final judgment of forfeiture, then that statute would violate a defendant's Sixth Amendment right of confrontation. The majority opinion properly limits the use of hearsay in a forfeiture hearing to the issue of whether the State had sufficient probable cause to conduct the search, and I fully concur with that opinion.

DECIDED FEBRUARY 2, 2004.

*Maurice G. Kenner*, for appellant.

*J. Tom Morgan, District Attorney, Barbara B. Conroy, Jacqueline S. Hardy, Christy M. Liss, Assistant District Attorneys*, for appellee.

---

[1] *Pitts v. State of Ga.*, 207 Ga. App. 606, 607 (428 SE2d 650) (1993); *One 1958 Plymouth Sedan v. Pennsylvania*, 380 U. S. 693, 700 (85 SC 1246, 14 LE2d 170) (1965).