### 75282. BLOODWORTH v. STATE OF GEORGIA.
(366 SE2d 324)

CARLEY, Judge.

The State initiated condemnation proceedings as to $5,043.68 in cash which had been seized from appellant's purse during a search. In its petition, the State alleged that the money was subject to forfeiture because it had been found in close proximity to controlled substances and had been used or was intended for use in connection with the unlawful distribution, dispensing, or possession of controlled substances. See OCGA § 16-13-49 (a) (6). Appellant answered, denying the allegations of the petition.

The case was tried before a jury. At the close of the State's evidence, appellant moved for a directed verdict but the trial court denied her motion. The case was submitted to the jury and a verdict in favor of the State was returned. Appellant appeals from the judgment that was entered on the jury's verdict.

In her sole enumeration of error, appellant contends that the trial court erred in failing to grant her motion for directed verdict. The evidence showed the following: Police officers, having entered appellant's trailer pursuant to a search warrant, found large quantities of numerous different controlled substances and various items of drug paraphernalia, all of which were within close proximity to appellant's purse. Much of the contraband was found in containers and had been calibrated in grams and ounces as if for distribution. Found inside appellant's purse were syringes, rolling papers, razor blades, a spoon, triangular plastic bags containing white and brown powder and the $5,043.68 in cash. As a result of this search, appellant was charged with six violations of the Georgia Controlled Substances Act, including possession of amphetamines with the intent to distribute, and she pled guilty to all six charges. Appellant testified that she had borrowed $4,200 of the cash for the legitimate purpose of paying off a debt. She also produced a witness who testified that he had loaned her $4,200. Appellant testified that the remaining $843.68 represented savings.

A condemnation proceeding is a civil action wherein the State must meet its burden of proof by a preponderance of the evidence. *Green v. State of Ga.,* 155 Ga. App. 795, 796 (272 SE2d 761) (1980). " 'A person will not be presumed to act with criminal intention, but the [trior] of facts may find such intention upon consideration of the words, conduct, demeanor, motive, and all other circumstances connected with the act for which the accused is prosecuted.' [Cit.]"

*Green v. State of Ga.*, supra. A review of the transcript reveals that there was sufficient evidence presented at trial from which the trior of fact could reasonably infer that, notwithstanding the exculpatory explanation given for appellant's possession of over $5,000 in cash and for the lawful use to which she intended that it be put, the money had been used or was intended to be used to facilitate her unlawful distribution, dispensing, or possession of controlled substances which had been found in close proximity thereto. "If there be any evidence to support the verdict, denial of the motion [for directed verdict] is proper. [Cit.]" *Maloy v. Planter's Warehouse &c. Co.*, 142 Ga. App. 69, 72-73 (2) (234 SE2d 807) (1977).

*Judgment affirmed. Birdsong, C. J., Deen, P. J., McMurray, P. J., Benham and Beasley, JJ., concur. Banke, P. J., Sognier and Pope, JJ., dissent.*

BANKE, Presiding Judge, dissenting.

There was no evidence to connect the cash seized from the appellant's purse to any drug transaction, nor to rebut the appellant's explanation for the presence of the cash. Consequently, I believe the motion for directed verdict should have been granted.

I am authorized to state that Judge Sognier and Judge Pope join in this dissent.

DECIDED FEBRUARY 3, 1988 —
REHEARING DENIED FEBRUARY 19, 1988 —

*Shane M. Geeter*, for appellant.
*Joseph H. Briley, District Attorney, Fredric D. Bright, Assistant District Attorney*, for appellee.