## A92A1925. LAM v. THE STATE.
(430 SE2d 775)

POPE, Chief Judge.

Defendant Thomas H. Lam, Jr. was charged in a multi-count indictment with violation of the Georgia RICO (Racketeer Influenced & Corrupt Organizations) Act (Count 1), eleven counts of theft by taking (Counts 2-13) and three counts of forgery in the first degree (Counts 14-16). The trial court, sitting without a jury, granted defendant's motion for directed verdict on Counts 2 through 13 (the theft by taking charges) and on Count 15 (one of the forgery charges), and returned a verdict of guilty on Counts 1, 14 and 16. Defendant appeals.

1. Defendant first challenges the sufficiency of the evidence to support his conviction on Counts 14 and 16. The evidence adduced at trial concerning Count 14 shows that defendant, acting without authority, endorsed a check made payable to his then employer, Bill Fricks Furniture as follows: "Bill Fricks to Thomas H. Lam deposit," deposited the check into his personal account and appropriated the funds for his own use. As to Count 16, the evidence adduced at trial shows that defendant, acting without authority, endorsed a check made payable to Bill Fricks Furniture as follows: "Bill Fricks Furniture deposit T H Lam," deposited the check into his personal account and appropriated the funds for his own use. The evidence was sufficient to authorize defendant's conviction of the crimes charged. *McBride v. State*, 202 Ga. App. 556 (415 SE2d 13) (1992); *Dyous v. State*, 195 Ga. App. 99 (392 SE2d 730) (1990); *Gaily v. State*, 181 Ga. App. 906 (1) (354 SE2d 442) (1987); cf. *Morgan v. State*, 77 Ga. App. 164 (48 SE2d 115) (1948).

2. In his second and third enumerations of error, defendant posits that the trial court erred by admitting into evidence transcripts from certain bankruptcy and civil court proceedings without first determining whether defendant's testimony, including certain admissions made by the defendant as to the crimes for which he was on trial in the present case, was voluntarily given in those proceedings. The record shows that when the State sought to introduce the transcript of the civil court proceedings the defendant raised the following objections: the evidence could be used for impeachment only; the evidence was without probative value; at the time the testimony was given criminal charges had not been brought against the defendant; the earlier proceedings involved different parties; the State did not give the defendant notice of intent to use the statements at trial; and defendant was not given *Miranda* warnings prior to the testimony in the earlier proceedings. When the State sought to introduce the defendant's testimony from the bankruptcy proceedings, defendant reiterated his prior objections and raised as an additional objection the fact

that the State sought to introduce only a portion, instead of the entire transcript, of those proceedings. However, defendant did not request that the trial court conduct a hearing to determine the voluntariness of the prior testimony, or urge that the evidence should be excluded because no hearing was held. "[T]here is no constitutional requirement that the trial court conduct, *sua sponte*, a Jackson v. Denno hearing on voluntariness. . . ." *Hudson v. State*, 250 Ga. 479, 485 (6) (299 SE2d 531) (1983). "The trial court was not required to conduct a . . . hearing or enter findings as to whether defendant's statement was voluntarily made since such issues were not raised before the trial court, but were raised for the first time on appeal. [Cits.]" *Yearby v. State*, 195 Ga. App. 757, 758 (3) (395 SE2d 29) (1990). See also *Nixon v. State*, 255 Ga. 656, 658 (2) (a) (340 SE2d 7) (1986). See generally *United States v. White*, 589 F2d 1283 (5th Cir. 1979); *United States v. Vecchiarello*, 569 F2d 656 (D.C. Cir. 1977); *United States v. Cecil*, 457 F2d 1178 (8th Cir. 1972) (in which civil trial or deposition testimony was held to be admissible in a subsequent criminal proceeding).

3. Defendant also urges that OCGA § 17-7-210 should be extended to cover statements made by a defendant while testifying under subpoena. That section, however, clearly applies only to statements "made by [a] defendant while in police custody." *Shelton v. State*, 196 Ga. App. 163 (3) (395 SE2d 618) (1990); OCGA § 17-7-210 (a). It is not the function of this court to rewrite the laws enacted by our General Assembly. This enumeration is without merit.

4. Defendant challenges the sufficiency of the evidence as to his conviction for violating the RICO Act, contending that there was a complete failure of proof as to all 85 of the predicate acts charged in the indictment. A RICO conviction requires proof that a defendant has committed two or more offenses of the kind included in the RICO statute; it does not require the State to prove all of the alleged predicate offenses. *Bethune v. State*, 198 Ga. App. 490 (1) (402 SE2d 276) (1991). Our review of the transcript in this case shows that the evidence was sufficient to enable a rational trier of fact to find defendant guilty of two or more of the predicate offenses charged beyond a reasonable doubt. See id.; *Dover v. State*, 192 Ga. App. 429 (1) (385 SE2d 417) (1989). This enumeration is without merit.

5. Defendant asserts for the first time on appeal that his trial counsel was ineffective. The record shows that trial counsel filed the notice of appeal in this case and that appellate counsel was appointed or retained during the pendency of the appeal. Because that issue was raised at the first opportunity, it is appropriate that this case be remanded to the trial court for a hearing and entry of appropriate findings of fact of the issue of ineffective assistance of counsel. *Hayes v. State*, 261 Ga. 439 (5) (405 SE2d 660) (1991); *Brown v. State*, 199 Ga.

App. 856 (1) (406 SE2d 516) (1991), and cits.

6. Lastly, defendant contends he was denied his right to a fair trial because prior to the commencement of his bench trial the trial judge received correspondence from defendant's trial attorney notifying the court of defendant's willingness to enter a guilty plea. Although defendant attaches copies of these letters to his brief to this court, they do not appear in the record and thus are not properly before this court for consideration. See, e.g., *Taylor v. State*, 197 Ga. App. 678, 680 (399 SE2d 213) (1990). We note also that the correspondence apparently was sent to the court by defendant's own attorney and that no motion was made to recuse or disqualify the judge from hearing the case based on any alleged prejudice that may have resulted from his receipt of the correspondence. See *Lynott v. State*, 198 Ga. App. 688, 689 (3) (402 SE2d 747) (1991). This enumeration is without merit.

*Judgment affirmed and case remanded with direction. Johnson, J., and Justice George H. Carley concur.*

DECIDED MARCH 17, 1993 —
RECONSIDERATION DENIED APRIL 1, 1993.

*Gammon & Anderson, W. Wright Gammon, Jr., John E. Sawhill III*, for appellant.

*Stephen F. Lanier, District Attorney, Fred R. Simpson, Assistant District Attorney*, for appellee.