A93A1995. CARR et al. v. STATE OF GEORGIA.
(441 SE2d 85)

SMITH, Judge.

This action concerns a forfeiture of currency and a firearm under OCGA § 16-13-49. The appellant property owners, Terrell and Carr, are husband and wife. After a hearing under OCGA § 16-13-49 (o) (5), the trial court found that the "property . . . was used directly or indirectly to facilitate a violation of the Georgia Controlled Substances Act," and ordered the property condemned and forfeited. Carr and Terrell appeal.

The evidence presented at the hearing in support of the forfeiture was as follows. A narcotics detective testified that a police officer, who did not appear at the forfeiture hearing, responded to an audible burglar alarm at the appellants' residence. That police officer told the detective that he and his sergeant saw through a window "a pile" of what appeared to be marijuana on a kitchen table. Because the detective did not feel that sufficient narcotics officers were available to execute a search warrant, the house was not searched until the next day. At that time, the only contraband found by the narcotics officers consisted of approximately seven grams, or one-quarter ounce, of mari-

juana on a bedside table and several smoked marijuana cigarette butts in various locations around the house. Two plastic bags that tested positive for cocaine residue were found in the basement. The police did find large amounts of cash in several locations, a packet of cigarette papers, and 50 to 100 small plastic bags. The detective testified that in her opinion they were "crack baggies," although no "crack" cocaine was found in the house. Parts of a shotgun were found inside and outside the house, but the firearm was not cited as forfeited property because the police believed it to be stolen. A .380 caliber pistol found in Terrell's truck was also seized.

Much of the State's case revolved around official suspicion that appellant Carr was using her hair salon as a "front" for drug dealing. However, neither the search nor the forfeiture involved the hair salon. One detective testified that she heard from another police officer that appellant Carr was being investigated for dealing drugs. However, she acknowledged that that officer had never found any evidence and had never arrested or charged Carr. Another detective testified that neither he nor the first detective had any personal knowledge that appellants were dealing in drugs and that he had no evidence, other than his personal belief, that appellants were dealing in drugs.

1. In a forfeiture action under OCGA § 16-13-49, the determination to be made by the finder of fact is not whether appellants possessed or used drugs, nor whether appellants were most likely engaged in selling drugs. The issue to be decided is whether the evidence presented by the state suffices to support a forfeiture under the relevant statute. See generally *Alford v. State*, 208 Ga. App. 595 (431 SE2d 393) (1993).

OCGA § 16-13-49 (e) provides: "A property interest shall not be subject to forfeiture under this Code section for a violation involving one gram of cocaine or less or four ounces of marijuana or less unless said property *was used* to facilitate a *transaction in* or a *purchase of* or *sale of* a controlled substance or marijuana." (Emphasis supplied.)

This language is distinctly more specific than the general definition of property subject to forfeiture in subsection (d) (2): "[a]ll property which is, directly or indirectly, used *or intended for use* in any manner to facilitate a violation of this article or any proceeds derived or realized therefrom," and subsection (d) (4): "[a]ll weapons possessed, used, *or available for use* in any manner to facilitate a violation of this article . . . which is punishable by imprisonment for more than one year." (Emphasis supplied.) In contrast to the provisions of subsection (d), which allow forfeiture of property "available for use" or "intended for use" where larger quantities of drugs are found, subsection (e) provides for forfeiture only where there is actual use of the property in a transaction, sale or purchase, where small amounts of drugs are involved. Compare *State of Ga. v. White*, 210 Ga. App. 876,

878 (437 SE2d 826) (1993) (provisions of OCGA § 16-13-49 (e) not applicable where property used to facilitate an actual purchase, albeit of counterfeit cocaine).

This is consistent with recent decisions affirming forfeitures under this statute. In the majority of decisions where forfeiture was upheld, there was evidence of an observed, actual sale of drugs by the owner of the property. See, e.g., *McMichen v. State*, 209 Ga. App. 169 (433 SE2d 92) (1993) (agent observed sale activity taking place as predicted by informer); *State v. Wilbanks*, 208 Ga. App. 422 (430 SE2d 668) (1993) (sale to informant under direction of police led to search); *Crenshaw v. State*, 206 Ga. App. 271 (425 SE2d 660) (1992) (sale of cocaine to informant in hotel room).

The remaining decisions in which forfeiture has been affirmed involved large quantities of drugs, packaged for sale, discovered on the person, in the car, or in the house. See, e.g., *Moore v. State*, 209 Ga. App. 89 (432 SE2d 597) (1993) (seller observed visiting supplier's house to obtain marijuana; 25 ounce or half-ounce bags of marijuana discovered under supplier's pillow; 16 live marijuana plants found in the closet; no indication that marijuana was for supplier's personal use); *Bloodworth v. State*, 185 Ga. App. 880 (366 SE2d 324) (1988) (large quantities of various controlled substances discovered packaged in small amounts as if for sale, in "close proximity" to claimant's purse which contained syringes, razor blades, bags containing unidentified "powder," and $5,000).

The State must carry its burden of proof by a preponderance of the evidence. *Bloodworth*, supra at 880. In applying this forfeiture statute, the trial court may consider any evidence that would be admissible in determining probable cause at a preliminary hearing. OCGA § 16-13-49 (s) (1). In this case, however, there is neither evidence of an actual sale to undercover officers or anyone else, nor a large quantity of drugs ready-packaged for sale, as in *Bloodworth* and *Moore*. The evidence is undisputed that the quantity of drugs confiscated is well below the statutory limit of OCGA § 16-13-49 (e). The only person who allegedly saw an unspecified "large" quantity of what he believed to be marijuana did not testify, and there is no evidence that he observed it packaged for sale in any manner. The State's case rests upon a circular argument: The non-drug items are used to assert that some sale of drugs must have taken place; then the presumed sale of drugs is relied upon to show that the non-drug items are contraband. Neither the State nor the trial court addressed the exception created by OCGA § 16-13-49 (e) (5), which is controlling here. The evidence was insufficient to support the forfeiture, and the decision of the trial court must be reversed.

2. Because of our decision in Division 1 of this opinion, we need not address appellants' remaining enumerations of error.

*Judgment reversed. Beasley, P. J., and Cooper, J., concur.*

Decided February 11, 1994.

*H. Darrell Greene & Associates, Patrick H. Head,* for appellants.
*Thomas J. Charron, District Attorney,* for appellee.