A94A2295. SHELLNUT v. THE STATE.
(449 SE2d 652)

BLACKBURN, Judge.

Randall Steven Shellnut appeals his conviction by a jury of possession of cocaine and obstruction of an officer.[1]

1. On appeal, Shellnut asserts the trial court erred in denying his motion in limine to suppress a portion of his statement. Shellnut sought to suppress his admission to Investigator Garner that he smoked marijuana. The trial court allowed Garner's testimony regarding the admission. However, at the end of Shellnut's case, the trial court determined that Shellnut's admission was not admissible. The trial court instructed the prosecutor to not refer to Shellnut's admission in closing arguments. The trial court also offered to give curative instructions to the jury, which Shellnut's counsel refused. Shellnut's counsel stated: "Your Honor, I don't think it's that important and caught the jury's attention. I think it would bring more attention to it by doing that. And I, of course, do feel a curative instruction would do more harm than good."

Shellnut's counsel attempted to preserve his objection to the introduction of Shellnut's admission. However, he again declined the trial court's offer of curative instruction, and upon the trial court's inquiry as to whether Shellnut's counsel was moving for a mistrial, counsel replied negatively.

---

[1] Shellnut was found not guilty of possession of marijuana.

Shellnut's refusal to either allow curative instructions or to move for a mistrial in response to the court's inquiry, is fatal to the preservation of any error. See *Bromley v. State*, 259 Ga. 377 (4) (380 SE2d 694) (1989); *Woods v. State*, 240 Ga. 265 (6) (239 SE2d 786) (1977). While Shellnut may be correct that a curative instruction may have done more harm than good, that makes the necessity of a mistrial motion all the more obvious. Shellnut cannot take his chance with the jury and then upon conviction complain of that which he elected to allow initially. See *Timberlake v. State*, 246 Ga. 488 (271 SE2d 792) (1980).

2. In his second enumeration of error, Shellnut contends the trial court erred in allowing hearsay statements into evidence. Shellnut argues that Investigator Garner's testimony regarding what a witness told him was inadmissible hearsay. The trial court determined that the statements were offered to explain Investigator Garner's subsequent conduct, and allowed them. We agree.

"The testimony that a witness received certain information upon which he acted is admissible not as independent evidence to establish the truth of such information, but as an inducement and explanation by the witness that, acting on such information, he discovered other facts connecting the accused with the crime in question. Hearsay testimony may be admitted for the purpose of explaining conduct." (Citations and punctuation omitted.) *White v. State*, 208 Ga. App. 885, 888 (432 SE2d 562) (1993). "[I]n rare instances, conduct of an investigating officer needs to be explained." *Ross v. State*, 210 Ga. App. 455, 456 (436 SE2d 496) (1993).

In the present case, the hearsay statements explained the officer's conduct in returning to the place of arrest. A witness informed Investigator Garner of Shellnut's statement that Shellnut had discarded drugs at the scene of his arrest. Investigator Garner informed Deputy Jones of Shellnut's statement. Deputy Jones returned to the scene of the arrest and found a bottle containing cocaine. The trial court did not err in overruling Shellnut's objection to the hearsay testimony.

3. Shellnut contends the trial court erred in denying his motion for new trial. In his motion for new trial, Shellnut asserted the general grounds, i.e., the verdict was contrary to law, the verdict was contrary to the evidence, and the verdict was strongly against the weight of the evidence.

Having viewed the evidence in the light most favorable to support the verdict, including the videotape of Shellnut's arrest, we conclude that a rational trier of fact could have found Shellnut guilty beyond a reasonable doubt of the offenses for which he was convicted. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED OCTOBER 26, 1994.

*Franklin H. Thornton*, for appellant.
*Peter J. Skandalakis, District Attorney, Monique F. Kirby, Assistant District Attorney*, for appellee.