## A96A0135. RABERN v. STATE OF GEORGIA.
(473 SE2d 547)

RUFFIN, Judge.

The State filed a complaint instituting in rem forfeiture proceedings pursuant to OCGA § 16-13-49 against approximately 5.2 acres of real property owned by John Wesley Rabern. The proceedings were instituted after an April 1994 search of the property produced 450 small marijuana plants, weighing a total of 68.3 grams, a grow light, fertilizer bags, wheelbarrows, shovels, and various other gardening tools.

After a bench trial, the trial court determined that Rabern's property was being used to manufacture and store marijuana for distribution in violation of the Georgia Controlled Substances Act. The trial court ordered the property forfeited to the county. Rabern appeals, alleging (a) OCGA § 16-13-49 is unconstitutional, (b) the trial court erred in admitting hearsay testimony, (c) the forfeiture is excessive in violation of the Eighth Amendment, and (d) the evidence failed to support the court's judgment of forfeiture. For reasons which follow, we vacate the trial court's decision and remand with directions.

1. In his first enumeration of error, Rabern contends the trial court erred in ruling that OCGA § 16-13-49 is constitutional. The

trial court correctly found that this forfeiture statute is constitutional. The constitutionality of OCGA § 16-13-49 and its predecessor, Ga. Code Ann. § 79A-828, has been upheld by Georgia's Supreme Court. See *Lang v. State*, 168 Ga. App. 693, 695 (3) (310 SE2d 276) (1983); *Tant v. State*, 247 Ga. 264 (1) (275 SE2d 312) (1981). In addition, the constitutionality of the specific section denying a right to trial by jury was upheld in *Swails v. State of Ga.*, 263 Ga. 276 (431 SE2d 101) (1993).

2. Rabern's second enumeration of error asserts the trial court erred in allowing hearsay testimony into evidence. Under OCGA § 16-13-49 (s) (1), "the trial court may consider any evidence that would be admissible in determining probable cause at a preliminary hearing." *Carr v. State of Ga.*, 212 Ga. App. 36, 38 (1) (441 SE2d 85) (1994). The evidence complained of includes information from an informant which eventually led to obtaining the search warrant and the official report from the State Crime Laboratory.

We find the hearsay statements regarding information obtained from the informant were properly admitted in determining probable cause and explaining the conduct of the officers. "The testimony that a witness received certain information upon which he acted is admissible not as independent evidence to establish the truth of such information, but as an inducement and explanation by the witness that, acting on such information, he discovered other facts connecting the accused with the crime in question. . . . [Cit.]" (Punctutation omitted.) *Shellnut v. State*, 215 Ga. App. 58, 59 (2) (449 SE2d 652) (1994); *Lloyd v. State*, 139 Ga. App. 625, 626 (2) (229 SE2d 106) (1976).

Regarding the official report of the State Crime Laboratory, we find that any error which may have occurred in admitting this report was harmless in light of the officers' testimony regarding the marijuana at issue. Both the Georgia Bureau of Investigation officer specifically assigned to the Governor's Task Force on Marijuana Eradication and the Henry County Police Department officer specifically assigned to the narcotics unit testified they observed 450 marijuana plants growing in small containers. "[I]dentification of a material or substance may be made by other than expert testimony. [Cit.]" *Burroughs v. State*, 190 Ga. App. 467, 470 (1) (379 SE2d 175) (1989). Furthermore, except for an initial objection regarding foundation, Rabern did not object to this testimony and does not claim that the substance was anything other than marijuana.

3. In two enumerations, Rabern asserts that his offense did not authorize forfeiture pursuant to OCGA § 16-13-49 (e), which provides: "[a] property interest shall not be subject to forfeiture under this Code section for a violation involving . . . four ounces of marijuana or less unless said property was used to *facilitate* a transaction in or a purchase of or sale of . . . marijuana." (Emphasis supplied.)

While OCGA § 16-13-49 (d) (2) allows forfeiture of "[a]ll property which is, directly or indirectly, used or intended for use in any manner to facilitate a violation of this article or any proceeds derived or realized therefrom," OCGA § 16-13-49 (e) provides an exception to this general rule for a violation involving four ounces or less of marijuana. It is not disputed that less than four ounces of marijuana was found on Rabern's property. While this amount considered by itself would not authorize a forfeiture, the trial court ordered the forfeiture based on facts other than the amount, determining the property was used to manufacture and store marijuana presumably for sale.

In interpreting OCGA § 16-13-49 (e), several rules of statutory construction are applicable. "Because it is a special statutory proceeding, we are required to strictly construe the forfeiture statute. In interpreting the statute, we look to the intent of the legislature and construe the statute to effect that intent. We are also required to give words, except those of art, their ordinary significance." (Citations omitted.) *State v. Henderson*, 263 Ga. 508, 509 (436 SE2d 209) (1993). Following these rules, we find that *Carr*, supra, the case relied on by the appellant, interpreted this statute too narrowly. While we agree with the Court's ultimate conclusion in *Carr* based on the facts presented in that case, we specifically hold that OCGA § 16-13-49 (e) does *not* require evidence of an actual sale or purchase of marijuana, and we overrule *Carr* to the extent that *Carr* required an actual sale of marijuana to support forfeiture.

"OCGA § 16-13-49 sets out and balances two legislative intentions: (1) the prompt disposition of property subject to forfeiture under the statute; and (2) the protection of property interests of innocent owners, as defined by the statute." (Citations and punctuation omitted.) *Alford v. State*, 208 Ga. App. 595, 596 (1) (431 SE2d 393) (1993). As rewritten in 1991, the legislature included the following subsection: "This Code section must be liberally construed to effectuate its remedial purposes." OCGA § 16-13-49 (z).

In addition to those facts already discussed, the evidence presented at the hearing in support of the forfeiture included the following. An informant notified police that a marijuana cloning operation existed at the property. According to the informant, who had assisted in the cloning operation, 1,000 marijuana plants had been cloned and were growing at this location. Pursuant to a search warrant, the 450 marijuana plants were discovered in a room attached to the lower level of the house on the property. This room had what appeared to be a window which had been removed to allow access to and from the remainder of the house. Electrical cords ran from the remainder of the house to this room to supply it with electricity. The officers further testified that 5.2 acres of wooded land could have provided sufficient area for the plants after they had outgrown the room.

There were a number of trails in the wooded area behind the residence.

In *Carr*, supra at 38, this Court concluded that OCGA § 16-13-49 (e) "provides for forfeiture only where there is actual use of the property in a transaction, sale or purchase, where small amounts of drugs are involved." Accordingly, in *Carr* we limited forfeiture under OCGA § 16-13-49 (e) to instances where the evidence showed an "actual sale" of marijuana. The Court found insufficient evidence to support the forfeiture since there was no evidence of an actual sale or a large quantity of drugs ready-packaged for sale. Id. In *Carr*, the officers found only seven grams of marijuana on a bedside table, several smoked marijuana cigarette butts in various locations around the house, two plastic bags that tested positive for cocaine residue in the basement, fifty to one hundred small plastic bags, a packet of cigarette papers, large amounts of cash in several locations, and a gun which was located in a truck. We agree that this evidence was insufficient to support forfeiture. However, we now conclude that our prior analysis requiring an actual sale to support forfeiture under OCGA § 16-13-49 (e) was improper.

*Carr* was correctly decided not because there was no evidence of an actual sale, but because the evidence did not support a conclusion that the property owners were using the marijuana other than for personal use. There was no large quantity of marijuana and nothing to tie the plastic bags, gun or money to *facilitating* a transaction, purchase or sale of marijuana. In the present case, however, the sheer number of marijuana plants, coupled with the other evidence, demonstrate that the property was being used to *facilitate* a marijuana sale. Liberally construing OCGA § 16-13-49 (e) to effectuate its remedial purposes, we conclude that an actual sale is not necessary to support forfeiture when the amount of marijuana equals four ounces or less. While the State does need to show a strong nexus between the property and the alleged violation if the amount of marijuana seized totals four ounces or less, the State can show this nexus in cases where an actual sale does not occur. In *Carr*, the State failed to show the property was being used to facilitate a transaction, purchase or sale of marijuana. In the present case, the State showed the property was being used to grow a large amount of marijuana for sale.

"In a bench trial the court sits as trier of fact and its findings will not be set aside unless clearly erroneous." (Citations and punctuation omitted.) *Lanier v. State of Ga.*, 212 Ga. App. 51, 52 (441 SE2d 87) (1994). In the present case, the trial court reasonably concluded the State showed by a preponderance of the evidence that Rabern's property was subject to forfeiture. Resolution of the use or intended use of the property for *facilitating a transaction* or a purchase of or a sale of

marijuana was the duty of the trial court. Id. at 52. "This is true even where, as in the case sub judice, such resolution is based upon circumstantial evidence since reasonable inferences were raised." (Citations and punctuation omitted.) Id.

"Although we construe this statute strictly, our holding in this case also comports with the remedial purposes of the statute." *State v. Henderson*, supra. Accordingly, the trial court did not err by ordering that the property be forfeited to the State. However, the question remains as to the proper extent of forfeiture.

4. Rabern contends the trial court erred in forfeiting his home and entire tract of land to the State in that this was an excessive fine in violation of the Eighth Amendment. Rabern is correct that the Eighth Amendment's prohibition against excessive fines applies to civil in rem forfeitures under OCGA § 16-13-49. *Austin v. United States*, 509 U. S. 602 (113 SC 2801, 125 LE2d 488) (1993). In *Thorp v. State of Ga.*, 264 Ga. 712 (450 SE2d 416) (1994), the Georgia Supreme Court fashioned a three-factor analysis for determining whether a forfeiture is constitutionally excessive. The three factors to be evaluated are: (1) consideration of the inherent gravity of the offense compared with the harshness of the penalty; (2) whether the property was close enough to render it "guilty"; and (3) whether the criminal activity involving the property was extensive in terms of time and/or spatial use. Id. at 717.

"Proper application of these factors requires the trial court to make certain mixed findings of law and fact. Normally a trial court's findings of fact as to these matters must be accepted by an appellate court unless clearly erroneous. [Cit.]" *Thorp v. State of Ga.*, 217 Ga. App. 275, 276 (2) (457 SE2d 234) (1995). In this case, the trial court has not had the opportunity to render its factual determinations and apply the Supreme Court's *Thorp* analysis.

Therefore, as in *Thorp*, 217 Ga. App. 275, and *Evans v. State of Ga.*, 217 Ga. App. 646 (458 SE2d 859) (1995), we must remand this case for further proceedings in the trial court. The trial court is directed to hold a post-trial hearing for the determination of the Eighth Amendment issue presented here. The trial court is authorized to conduct such additional factfinding as deemed necessary in the interests of the discovery of the truth (OCGA § 24-1-2) and to protect its judgment (Art. VI, Sec. I, Par. IV, Ga. Const. of 1983). Either party shall be entitled to appeal the trial court's new order within 30 days of its entry. See id.

*Judgment vacated and case remanded with direction. McMurray, P. J., Birdsong, P. J., Pope, P. J., Andrews, Johnson and Blackburn, JJ., concur. Beasley, C. J., concurs specially. Smith, J., dissents.*

BEASLEY, Chief Judge, concurring specially.

1. I note first that the case was transferred to this Court by the Supreme Court, to which Rabern's appeal had been taken, by an order which is based on the conclusion that "the only ruling [involving constitutionality] he invoked from the trial court involves a matter regarding which there are well-settled principles of law. . . ." The first enumeration of error, challenging constitutionality, is beyond our jurisdiction to consider. *Miller v. Ga. Ports Auth.*, 217 Ga. App. 876, 878 (2) (460 SE2d 100) (1995).

2. I concur because, even without the hearsay evidence from the informant to which the property owner objected, the evidence supported the trial court's finding of fact that, by a preponderance, the real property was used, and in fact was being used at the time of the search, "to manufacture and store marijuana for distribution." See *Bloodworth v. State of Ga.*, 185 Ga. App. 880 (366 SE2d 324) (1988), regarding burden of proof.

Owner Rabern was charged with manufacturing marijuana in violation of OCGA § 16-13-30 (b), to which he pleaded guilty. The large number of small plants being nurtured in the room or shed attached to Rabern's house constitutes circumstantial evidence that they were in the early stages of cultivation for ultimate sale or at least distribution. The evidence supported the inference that it was the grower's intention to sell or otherwise dispose of the plants in "a transaction" rather than simply grow them as a hobby or experiment or for personal use. Thus the property was in use as a nursery to produce the product which would constitute the object of future sale or transaction; the real property "was used to facilitate" the enterprise in this fashion.

This case does not involve a loophole in the last sentence of OCGA § 16-13-49 (e) but rather a proper construction of that sentence in context. It creates an exception that does not cover this case because, although less than "four ounces of marijuana" was involved, the other factor necessary for the exception was absent. The majority's proper construction does not obliterate the exception. Growing a plant or small number of plants of marijuana, for example, would probably not support as reasonable the inference that the property hosting the plant or plants "was used to facilitate a transaction in . . . or sale of . . . marijuana." More likely would be the facilitation of personal use. It is evident from the wording that the legislature intended to exclude such host property from the severe penalty of forfeiture. The property subject to forfeiture, when small amounts of contraband are involved, must be in current or past use to facilitate a transaction, purchase, or sale which is current or past or intended for the future.

I agree that *Carr v. State of Ga.*, 212 Ga. App. 36 (441 SE2d 85)

(1994), was correctly decided. It need not be overruled despite the statement that "subsection (e) provides for forfeiture only where there is actual use of the property in a transaction, sale or purchase, where small amounts of drugs are involved." Id. at 37. That statement must be disapproved as an incorrect construction of the statute because it excludes the intended future, which is the purpose of the current or past use of the property.

3. The majority applies two seemingly contradictory principles of construction. One is the rule of strict construction for special statutory proceedings. *State v. Henderson*, 263 Ga. 508, 509 (436 SE2d 209) (1993). The other is the rule of liberal construction to effect the remedial purposes of the forfeiture statute, which rule the legislature expressly incorporated into the statute. OCGA § 16-13-49 (z). The rules are compatibly applied in our construction of the sentence in subsection (e) which is at issue, because the ordinary significance of the words makes the legislature's intention plain. *Franklin v. Hill*, 264 Ga. 302, 304 (2) (444 SE2d 778) (1994).

SMITH, Judge, dissenting.

I must respectfully dissent. While the majority is properly concerned with an apparent loophole in the forfeiture statute, and while I have every reason to agree with the majority's attempt to close that loophole, the attempt made here violates the plain language of the statute and places us in the position of rewriting the General Assembly's requirements for forfeiture.

As *Carr v. State of Ga.*, 212 Ga. App. 36 (441 SE2d 85) (1994), points out, the distinctions between the general forfeiture language of OCGA § 16-13-49 (d) and the exception created by OCGA § 16-13-49 (e) are significant. Subsections (d) (2) and (4) define property subject to forfeiture in such broad and general language as property "directly or indirectly . . . intended for use . . . to facilitate" or "available for use . . . to facilitate" a violation of the drug laws. No actual use need be shown; the property need only be *intended* or *available* to facilitate a violation. "Available" means simply "capable of being used," or "that can be got, had, or reached," while "intended" means "designed; purposed; planned" or "prospective; future." Webster's New Universal Unabridged Dictionary (2d ed. 1983).

In contrast, the exception created by subsection (e) provides: "A property interest shall not be subject to forfeiture . . . for a violation involving . . . four ounces of marijuana or less unless said property *was used* to facilitate a *transaction in* or a *purchase of* or *sale of* a controlled substance or marijuana." (Emphasis supplied.) This subsection requires, in the case of small amounts of drugs, that *actual use*, not availability or intention, be shown. *Carr*, supra, 212 Ga. App. at 37.

"In interpreting statutes, courts must look for the legislature's intent, 'keeping in view at all times the old law, the evil, and the remedy.' OCGA § 1-3-1 (a). All words, except words of art, shall be given their ordinary significance. [Cit.] '(W)here a constitutional provision or statute is plain and susceptible of but one natural and reasonable construction, the court has no authority to place a different construction upon it, but must construe it according to its terms.' [Cit.]" *Franklin v. Hill*, 264 Ga. 302, 304 (2) (444 SE2d 778) (1994).

What the majority leaves unsaid is perhaps as important as what is stated. The majority says "the State should not be forced to wait until these marijuana plants grow another fraction of an inch and their total weight exceeds four ounces before making the arrest and proceeding with forfeiture." But it must follow that the majority also is saying, at least implicitly, that the State "should not be forced to wait" until an individual attempts to *sell* marijuana plants in an immature state. By this reasoning, the distinctive language of OCGA § 16-13-49 (e) is obliterated, and the rule swallows the exception. If this result was intended by the General Assembly, it is for the legislature, not this Court, to say so. "It is not the function of this court to rewrite the laws enacted by our General Assembly." *Lam v. State*, 208 Ga. App. 324, 325 (3) (430 SE2d 775) (1993).

DECIDED JUNE 26, 1996.

*James P. Brown, Jr.*, for appellant.
*Tommy K. Floyd, District Attorney, Gail M. Travillian, Assistant District Attorney*, for appellee.