A98A0135. STANCIL v. STATE OF GEORGIA.
(495 SE2d 870)

ELDRIDGE, Judge.

After a hearing which demonstrated violations of the Georgia Controlled Substances Act, a Stephens County trial court issued an order forfeiting a tract of land containing appellant Bobby Lynn Stancil's residence, pursuant to OCGA § 16-13-49 (d). The trial court also issued a certificate of immediate review, and we granted Stancil's interlocutory appeal in order to review the trial court's rulings. For the reasons below, we reverse.

The state filed a complaint against the appellant seeking forfeiture of three contiguous parcels of land owned by Stancil and identified in the complaint as "Tract One," "Tract Two," and "Tract Three," with accompanying legal descriptions of each tract. A hearing was held on the matter. Only one witness took the stand, Investigator John Thompson, who testified that he made undercover narcotics buys from the appellant at his residence and later found, pursuant to a proper warrant, approximately 11 ounces of marijuana in appellant's residence. Investigator Thompson could not testify as to which of the three tracts legally described in the complaint contained appellant's residence: "[Defense:] I ask you to look at the petition which describes three pieces of property, Exhibit 1, Tract 1; Exhibit 2, Tract 2; and Exhibit 3, Tract 3, and ask you which of those three tracts is Mr. Stancil's residence on? [Investigator:] I'm not an expert on read-

ing tracts of land. . . . [Prosecutor:] Your Honor, I don't know that his — that the officer is qualified to answer if the property is contained, you know, based on a legal description. . . . [Investigator:] Based on what you have here, you know, 15 feet by 20 feet south, it really makes no sense to me. . . ."

In addition, the trial court had before it the state's verified complaint and the verified answers of both appellant and the Bank of Toccoa, which had filed an answer as a party in interest with regard to the in rem forfeiture of Tract Two. The Bank attached to its answer as "Exhibit A" a security deed for "Tract Two" named in the complaint, which deed was held by the Bank. The deed does not identify Tract Two as containing appellant's residence; the Bank's verified answer does not identify Tract Two as containing appellant's residence; the state's verified complaint does not identify any of the three tracts as containing appellant's residence, and the appellant's verified answer in response to the complaint contains no admission in judicio as to which of the three tracts contains his residence.

Based on testimony adduced at the hearing, the trial court entered an order finding that "One of the parcels contains his [appellant's] personal residence; another a plumbing business; another is vacant." The trial court determined that the vacant tract and the tract containing the plumbing business were not subject to forfeiture. However, the court ordered forfeiture of the tract containing Stancil's residence after determining that "the residence is located where Stancil stored, used, and sold marijuana in violation of the Georgia Controlled Substances Act[.]" Thereafter in the same order, the trial court "ordered [the parties] to submit to the Court a legal description of the parcel on which the residence is located within fourteen days of the filing of this order. In the event that the parties cannot agree on the legal description of the residential parcel, the matter will be set down for a hearing on the single issue of the property description." *Held*:

(a) The state must meet its burden of proving a prima facie case for forfeiture. This burden requires the state to establish by a preponderance of the evidence that the property *sought to be forfeited* falls into one of six categories of property declared to be contraband under OCGA § 16-13-49 (d). *Hinton v. State of Ga.*, 224 Ga. App. 49 (479 SE2d 424) (1996). Although the trial court in this case determined that a parcel of land which contained appellant's residence was subject to forfeiture, the state failed to prove which, if any, parcel of land described in the complaint contained appellant's residence. Absent such evidentiary nexus between the parcel *found* to be subject to forfeiture and the parcels *alleged* to be subject to forfeiture, there is a failure with regard to the specificity of the legal description in the complaint and a failure of proof with regard to the state's

evidentiary burden, i.e., to prove by a preponderance of the evidence which one, if any, of the three parcels legally described in the state's complaint and alleged as properly subject to forfeiture, was used, directly or indirectly, to facilitate a violation of the Georgia Controlled Substances Act. OCGA § 16-13-49 (d) (2). Accordingly, the evidence was insufficient to support the forfeiture, and the decision of the trial court must be reversed. *Carr v. State of Ga.*, 212 Ga. App. 36 (441 SE2d 85) (1994), overruled on other grounds in *Rabern v. State of Ga.*, 221 Ga. App. 874 (473 SE2d 547) (1996).

(b) The trial court's judgment specifically ordered the forfeiture of a parcel of land which contained appellant's residence. However, because of the insufficiency of the evidence as noted above, the trial court did not know which parcel, if any, named in the complaint was the parcel that was subject to forfeiture. To correct this evidentiary defect, the trial court, in the same order of forfeiture, directed the appellant to voluntarily submit to the court evidence as to which tract described in the complaint contained his residence, or, in the alternative, the court ordered a second evidentiary hearing to be held on "the single issue of the property description" so that the state could produce evidence as to which tract described in the complaint contained appellant's residence. This the trial court could not do. A trial court cannot order the forfeiture of a piece of property and *thereafter* receive evidence in order to determine which piece of property it has ordered forfeited. A showing as to *which* tract, if any, named in the complaint was subject to forfeiture was part of the state's prima facie burden in proving the allegations of the complaint. *Carr*, supra. Thus, the trial court's ruling with regard to receiving additional evidence was improper.

(c) In addition, at the conclusion of the state's case the evidence was closed, and appellant made a motion to dismiss. OCGA § 9-11-41 (b) (2). The trial court took the motion "under consideration" and thereafter entered the order forfeiting appellant's property. The trial court could not then re-open the evidence in the case, *after* the judgment, in order to determine which tract of land, if any, described in the complaint should be subject to forfeiture. Id. Such additional evidentiary showing, following the close of evidence and entry of judgment, would be improper and, in fact, ancillary to the previously entered judgment. Accordingly, the trial court's order of forfeiture, as a final judgment on the merits of the case, should have been subject to direct appeal. OCGA § 5-6-34 (a) (1).

*Judgment reversed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED JANUARY 16, 1998.

*Troy R. Millikan*, for appellant.

*Michael H. Crawford, District Attorney, George N. Guest, Robert D. Cullifer, Assistant District Attorneys*, for appellee.