A98A0483. RABERN v. STATE OF GEORGIA.
(497 SE2d 631)

BLACKBURN, Judge.

After discovering 450 small marijuana plants and various gardening instruments on John Wesley Rabern's property, the State instituted an in rem forfeiture proceeding under OCGA § 16-13-49, seeking forfeiture of Rabern's residence and 5.2 acres of land upon which it stood. After a bench trial, the trial court ordered the property forfeited. In *Rabern v. State of Ga.*, 221 Ga. App. 874 (473 SE2d 547) (1996), we vacated the trial court's decision due to its failure to apply the three-factor analysis, adopted by the Supreme Court in *Thorp v. State of Ga.*, 264 Ga. 712 (450 SE2d 416) (1994), for determining whether a forfeiture violates the Eighth Amendment's prohibition against excessive fines. On remand, the trial court did not conduct a new hearing, but merely entered a new order holding that the forfeiture was not excessive. Rabern appeals this order. For the reasons discussed below, we vacate the order and again remand this case to the trial court.

1. Rabern contends that the trial court violated our direction on remand by failing to hold a hearing. We agree. In our earlier decision, we expressly stated that "we must remand this case for further proceedings in the trial court. *The trial court is directed to hold a post-trial hearing for the determination of the Eighth Amendment issue*

*presented here.* The trial court is authorized to conduct such additional factfinding as deemed necessary in the interests of the discovery of the truth (OCGA § 24-1-2) and to protect its judgment (Art. VI, Sec. I, Par. IV, Ga. Const. of 1983)." (Emphasis supplied.) *Rabern,* supra at 878 (4).

Our direction to hold a hearing on the Eighth Amendment issue was mandatory, and the trial court had no discretion to refuse to comply with such direction. See OCGA § 9-11-60 (h) ("any ruling by the Supreme Court or the Court of Appeals in a case shall be binding in all subsequent proceedings in that case in the lower court and in the Supreme Court or the Court of Appeals as the case may be"). This Court is also bound by the decision in the prior appeal. See *Brown v. Piggly Wiggly Southern,* 228 Ga. App. 629, 630-631 (2) (493 SE2d 196) (1997). Therefore, we vacate the trial court's order for failure to follow our clear instructions. On remand, the trial court *shall* hold a hearing to consider the Eighth Amendment issue, and at such hearing the parties *shall* be entitled to present additional evidence relevant to such issue.

2. Rabern's remaining enumerations were decided adversely to him in the prior appeal, and there is no basis to address these issues here. See *Rabern,* supra at 874-875 (1), (2); *Brown,* supra.

*Judgment vacated and case remanded with direction. McMurray, P. J., and Eldridge, J., concur.*

DECIDED MARCH 10, 1998.

*James P. Brown, Jr.,* for appellant.
*Tommy K. Floyd, District Attorney, James L. Wright III, Assistant District Attorney,* for appellee.