### A11A0541. MEMAR v. JEBRAEILLI.
(712 SE2d 592)

MILLER, Presiding Judge.

This is the third appearance of this case before this Court. In *Memar v. Jebraeilli*, 303 Ga. App. 557, 562 (1), 563 (3), (4) (694 SE2d 172) (2010) (*"Memar I"*),[1] we affirmed the trial court's authority to award damages in quantum meruit to Appellee Allie Jebraeilli ("Jebraeilli") on his counterclaim, its admission of certain testimony, and its denial of attorney fees to Appellant Joseph Memar ("Memar"). Because the trial court's damages award on the counterclaim was inconsistent with its findings and could not be reconciled, we reversed and remanded for recalculation of the damages award to Jebraeilli. *Memar I*, supra, 303 Ga. App. at 562-563 (2) (b). On remand, the trial court entered an order recalculating Jebraeilli's damages award. Memar appeals from this order, arguing that the trial court's damages recalculation is inconsistent with the trial court's original order; that the trial court makes no attempt to explain or support its new order; and that the trial court erred in failing to hear the parties' arguments prior to entering its new order. We disagree and affirm the final damages awards set forth in the trial court's new order.

> In a bench trial[,] the court sits as the trier of fact and his findings shall not be set aside unless clearly erroneous. The clearly erroneous test is the same as the any evidence rule. Thus, an appellate court will not disturb fact findings of a trial court if there is any evidence to sustain them.

(Citations and punctuation omitted.) *CRS Sirrine, Inc. v. Dravo Corp.*, 213 Ga. App. 710, 721 (4) (445 SE2d 782) (1994).

The evidence supporting the trial court's findings of fact is fully set forth in *Memar I*:

> *Facts underlying Memar's complaint.* In 2001, Memar and Jebraeilli entered into a joint venture regarding the

---

[1] Prior to *Memar I*, Jebraeilli had also filed a separate appeal from the judgment, but later withdrew it because the asserted errors were duplicative of the issues in *Memar I* and would therefore be rendered moot by the Court's decision therein. *Memar I*, supra, 303 Ga. App. at 558, n. 1.

ownership and rental of real property located at 4423 Buford Highway, Norcross (. . . "Tract 1"). The partners purchased the property for $150,000, and rented the property to several tenants for a total of $1,900 per month. The partners agreed that, after paying the mortgage ($1,183.19 per month), taxes, and other expenses, they would split the remaining income equally. According to Memar, however, Jebraeilli began collecting rent payments in October 2005 and refused to tender to Memar the amounts necessary so that Memar could pay the above expenses and Memar's portion of the net income. In November 2006, Memar filed a lawsuit against Jebraeilli asking for an injunction preventing Jebraeilli from collecting rental payments for Tract 1, an award of damages for the amount owed to him for his net portion of the rental payments and for the amount he had paid toward the mortgage and other expenses, punitive damages, and attorney fees.

*Facts underlying Jebraeilli's counterclaim.* In 2002, the partners purchased a second piece of real property at 4408 Buford Highway, Norcross ("Tract 2") for $100,000 cash. The partners intended to convert a house located on the property to commercial use and agreed that Jebraeilli would act as a general contractor in renovating the property based upon his experience in construction, his engineering degree, and other relevant experience. According to Jebraeilli, Memar promised to pay him $65,000 for his efforts performed in repairing and renovating the property.

. . .

In response to Memar's complaint, Jebraeilli filed a counterclaim asserting that Memar owed him an amount equal to one-half of the expenses he incurred in maintaining the property. He also claimed that Memar failed to pay him $65,000 for his work in developing Tract 2.

*The trial court's judgment.* Following a bench trial, the court ruled in favor of Memar on his complaint, finding that Jebraeilli owed Memar the following amounts in net rental income, mortgage payments, and expenses related to Tract 1 [the sum total of which equaled $29,375.63]:

| | |
|---|---|
| October 2005 through June 2006: | $12,332.76 |
| July 2006 through November 2006: | $ 7,707.97 |
| December 2006 through July 2007: | $ 1,612.82 |
| August 2007 through June 2008: | $ 7,099.14 |
| July 2008 through November 2008: | $ 622.94 |

The trial court then awarded Memar $17,042.87, the sum of the amount Jebraeilli owed Memar for the period from July 2006 through November 2008. Without further explanation, however, the court also ruled that it would apply the amount Jebraeilli owed to Memar for October 2005 through June 2006 ($12,332.76) to the amount Memar owed to Jebraeilli on the latter's counterclaim.

On Jebraeilli's counterclaim, . . . [t]he court concluded . . . that Jebraeilli's two years of work on Tract 2 was worth at least the $65,000 he was seeking from Memar. Consequently, the court ruled that Jebraeilli was entitled to $65,000 on his counterclaim in quantum meruit, but that this amount should be offset by $26,086.76 Jebraeilli had already received from Memar [this $26,086.76 included the following amounts: $6,254 (one-half of $12,508, the amount Jebraeilli withdrew from the partners' joint checking account to pay to subcontractors); $7,500 (the amount Memar loaned to Jebraeilli during the latter's divorce proceedings); and $12,332.76 (the rental proceeds for Tract 1 from October 2005 through June 2006)]. Although the court made these express rulings in its order, it ultimately awarded Jebraeilli $15,000 on his counterclaim. The order does not explain how the court arrived at that amount.

(Punctuation and footnotes omitted.) *Memar I*, supra, 303 Ga. App. at 559-560, 562.

Addressing Memar's appeal of the trial court's original order, we found in *Memar I* that the final award to Jebraeilli of $15,000 on his counterclaim was inconsistent with the trial court's findings, and given the trial court's lack of explanation for such discrepancy, we reversed and remanded Jebraeilli's award. Id. at 562-563 (2) (b). We provided the trial court with two options on remand: (i) enter an order specifically demonstrating how it calculated the $15,000 award, or (ii) recalculate the award and enter an order which contained sufficient facts that were based on the evidence presented and that explained and supported the recalculated award. Id. at 563 (2) (b).[2]

On remand, the trial court recalculated the damages to be awarded to both Jebraeilli and Memar. Like its original order, the

---

[2] Moreover, in light of our remand to the trial court for recalculation of the damages awarded on Jebraeilli's counterclaim, we declined to rule on Memar's contention that the trial court should have directly awarded him, as damages pursuant to his complaint, the $26,086.76 in rental income, loans, and other funds that the trial court found Jebraeilli owed to him, instead of crediting that amount to what Memar owed Jebraeilli on Jebraeilli's counterclaim. *Memar I*, supra, 303 Ga. App. at 563 (2) (c).

trial court's new order held that Jebraeilli was entitled to recover $65,000 in quantum meruit for his services related to Tract 2, less certain amounts that Jebraeilli had already received from Memar. Whereas these set-off amounts previously totaled $26,086.76, however, the trial court's new order offset Jebraeilli's recovery by a total of $13,754, which included only the following amounts: $6,254 (one-half of $12,508, the amount Jebraeilli withdrew from the partners' joint checking account to pay to subcontractors) and $7,500 (the amount Memar loaned to Jebraeilli during the latter's divorce proceedings).

With respect to the $12,332.76 (the rental proceeds for Tract 1 from October 2005 through June 2006), which was previously credited against Jebraeilli's direct damages award, the trial court's new order awarded this amount directly to Memar on his complaint. The recalculation of Memar's direct damages award to include this $12,332.76 resulted in an increase of the final damages awarded not only to Memar, but also to Jebraeilli. Specifically, the trial court's new order awarded $29,375.63 to Memar on his complaint,[3] and $51,246 to Jebraeilli on his counterclaim.

1. In his first two related enumerations, Memar contends that the damages calculations entered into by the trial court on remand are inconsistent with the trial court's original order, and that the trial court made no attempt to explain or support its new order. We disagree.

In *Memar I*, we did not reverse the trial court's findings of liability and specific amounts owed to each party. Rather, we reversed only with respect to the trial court's final damages award of $15,000 to Jebraeilli, as we found such award was not consistent with the trial court's findings. Id. at 562-563 (2) (b). Thus, the purpose of remanding this case was clarification or recalculation of Jebraeilli's award. We believe that the trial court's new award and order provide both.

The trial court's new order sets forth itemizations of the amounts utilized in recalculating the damages awards for both Memar and Jebraeilli. These itemizations include nothing more than the same amounts we found to be supported by the record in *Memar I*. Id. at 559, 562 (2) (b) (citing *CRS Sirrine*, supra, 213 Ga. App. at 721 (4) ("[A]n appellate court will not disturb fact findings of a trial court if there is any evidence to sustain them.") (punctuation omitted). As explained above, the trial court's new final damages

---

[3] As noted earlier, the trial court had determined in *Memar I* that $29,375.63 was the total amount that Jebraeilli owed Memar in net rental income, mortgage payments, and expenses related to Tract 1. See *Memar I,* supra, 303 Ga. App. at 559.

awards differ from those in its original order only as a result of the trial court directly awarding Memar the $12,332.76 in rental proceeds, rather than crediting it toward the amount Memar owed Jebraeilli on the latter's counterclaim. The mere movement of the $12,332.76 to the damages directly awarded to Memar on his complaint, which Memar in fact requested in *Memar I*,[4] does not render the trial court's new awards inconsistent with its previous ruling. To the contrary, we find that the trial court's new damages awards are supported by the evidence presented and consistent with the trial court's ruling as set forth in *Memar I*.

2. In his final enumeration, Memar contends that the trial court erred in failing to allow arguments by the parties prior to entering a decision on remand. We disagree.

Had this Court expressly stated in *Memar I* that it was remanding the case for further proceedings, we agree that such direction would have been mandatory and that the trial court would have had no discretion in such case to refuse to comply with the direction on remand. See, e.g., *Rabern v. State of Ga.*, 231 Ga. App. 84, 84-85 (497 SE2d 631) (1998) (finding where this Court issued an opinion expressly stating that case was being remanded for further proceedings, such direction to hold a hearing was mandatory and the trial court had no discretion to refuse to comply with such direction).

However, we gave no such directive in *Memar I*. Rather, we specifically remanded the case for clarification of the trial court's $15,000 damage award to Jebraeilli. *Memar I*, supra, 300 Ga. App. at 563 (2) (c). In doing so, we instructed the trial court to either demonstrate how it calculated Jebraeilli's $15,000 award or recalculate Jebraeilli's award and enter an order demonstrating the basis of such recalculation (which the trial court did in its new order). Id. Thus, contrary to Memar's contention that this Court "ruled that a hearing be held for arguments of both parties for a collective recollection of the events and evidence presented at trial," we discern no language in *Memar I* instructing the trial court to conduct further proceedings or otherwise hold a hearing on the damages matter.

Moreover, Memar does not argue, nor does the supplemental record reflect, that Memar specifically made any requests for a hearing between the time this Court issued its remittitur and the time the trial court entered its new order. Accordingly, the trial court did not err by failing to conduct an additional hearing prior to

---

[4] Notably, Memar argued that the trial court should have directly awarded him, as damages pursuant to his complaint, the $26,086.76 in rental income, loans, and other funds that the trial court found Jebraeilli owed to him, instead of crediting that amount to what Memar owed Jebraeilli on Jebraeilli's counterclaim. *Memar I*, supra, 303 Ga. App. at 563 (2) (c).

entering its new order.

*Judgment affirmed. Ellington, C. J., and Doyle, J., concur.*

DECIDED JUNE 20, 2011.

*Graham J. Purpura*, for appellant.
*Jon A. Green*, for appellee.